LAW OFFICES OF S. CHANDLER VISHER
S. Chandler Visher (California State Bar No. 52957)
44 Montgomery Street, Suite 3830
San Francisco, California 94104
Telephone: (415) 901-0500; Facsimile: (415) 901-0504
chandler@visherlaw.com

CONSUMER LAW OFFICE OF MARIE NOEL APPEL
Marie Noel Appel (California State Bar No. 187483)
44 Montgomery Street, Suite 3830
San Francisco, California 94104
Telephone (415) 901-0508; Facsimile: (415) 901-0504
marie@consumerlaw.ws

PUBLIC CITIZEN LITIGATION GROUP
Deepak Gupta (pro hac vice application to be filed)
Brian Wolfman (pro hac vice application to be filed)
1600 20th Street, NW
Washington, DC 20009
Telephone: (202) 588-7739; Facsimile: (202) 588-7795
dgupta@citizen.org; brian@citizen.org

Attorneys for plaintiff Julius Briggs

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| JULIUS BRIGGS, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA and ARMY AND AIR FORCE EXCHANGE SERVICE,<br><br>Defendants. | No. CV – 07 – 5760 WHA<br>**CLASS ACTION**<br>**JOINT CASE MANAGEMENT STATEMENT**<br>**Date:  February 21, 2008**<br>**Time:  11:00 AM**<br>**Courtroom: 19**<br>**Judge:  Hon. William Alsup** |

Joint Case Management Statement        **CV – 07 – 5760 WHA**                1

## JURISDICTION AND SERVICE

Plaintiff alleges that this Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1346(a)(2) and that the facts supporting jurisdiction are that plaintiff's causes of action arise under the Army and Air Force Exchange (AAFES) Credit Card Contract which, by its terms, is governed by federal law. Plaintiff alleges that the applicable federal law includes 31 U.S.C. § 3701 through 31 U.S.C. § 3720E and the regulations promulgated pursuant thereto and the Administrative Procedure Act, 5 U.S.C. § 702.

All defendants have been served. No issues exist regarding personal service.

Defendants contend that there are several defects in jurisdiction and venue. First, defendants assert Sovereign Immunity and contend that no jurisdiction exists under 5 U.S.C. § 702. Second, for related reasons, the Army and Air Force Exchange Service ("AAFES") is not a proper party in this case and should be dismissed. Third, defendants contend that plaintiff's assertion of jurisdiction under 28 U.S.C. 1346(a)(2) (the "Little Tucker Act") does not exist unless each plaintiff party's damage claim is $10,000 or less, and venue is not proper unless each such party resides in this District. Defendants lack information and knowledge concerning plaintiff's residency and therefore deny his allegation of residency within this District. Moreover, to the extent plaintiff seeks to convert his individual claims into a class action, venue is improper as to every putative class member who resides outside the Northern District of California.

## FACTS

Plaintiff alleges in his complaint as follows: AAFES, an instrumentality of the United States, issues credit cards, now known as Military Star cards, to military personnel to buy uniforms and make general purchases from the Post Exchange stores it operates. When repayment of debt on these cards is delinquent, the United States has the right to offset the delinquent debt against monies it owes the debtor for benefits and tax refunds. Each federal agency refers delinquent debt to the Department of the Treasury, which administers a centralized collection effort, using administrative offsets, known as the Treasury Offset Program (TOP).

1   Plaintiff Julius Briggs is a veteran of the United States Army. He served in the Army for
2   21 years: three years of active duty from 1975 to 1978, and Army Reserves from 1978 until
3   1996, including a six-month deployment in Saudi Arabia in the spring of 1991 in the aftermath
4   of Operation Desert Storm. In 1993, during his reserve duty, Mr. Briggs incurred the AAFES
5   debt that forms the basis of this lawsuit. Between 2004 and 2007 Mr. Briggs had more than
6   $2,300 in federal payments withheld by TOP to pay AAFES credit card debt outstanding more
7   than 10 years.

8   The AAFES Credit Card Contract does not permit finance charges to be imposed on
9   credit card charges for uniform clothing (UC). In June of 1997 AAFES referred plaintiff's
10  account to the Treasury Department for the purpose of deducting the outstanding balance,
11  through TOP, from any payments that might be due plaintiff from the government. After
12  plaintiff's outstanding balance was referred to TOP in June of 1997, AAFES started charging a
13  finance charge of 6% per annum on the UC principal (in addition to a 6% penalty).

14  Defendants will file a motion for judgment on the pleadings and/or partial dismissal of
15  plaintiff's First Amended Complaint ("FAC") and have not yet responded to plaintiff's fact
16  allegations before the date of this report. Defendants note only for purposes of this submission,
17  however, that during 1993, plaintiff made charges to his AAFES' credit card totaling about
18  $1,857.08, FAC ¶ 14; that he did not make payments as required on the account, see FAC ¶ 15;
19  and that as of the date plaintiff filed his complaint, he still owes a substantial amount on his
20  account, see FAC ¶ 18. Defendants intend also to allege that the offsets collected from 2003
21  through 2007 through the TOP were applied to interest and penalties on the regular retail debts
22  owed by plaintiff and that nothing was collected against the uniform clothing debts. More
23  recently, AAFES has reviewed and restated Mr. Briggs' account to remove all UC interest
24  charges, but a balance remains owing on both the UC and regular retail component of his
25  account.

## LEGAL ISSUES

27  Plaintiff alleges: The offset collection procedure may only be used during the first 10
28  years after the debt becomes outstanding; after 10 years TOP collection is time barred. (31

U.S.C. § 3716 (e) provides that "(e) This section does not apply – (1) to a claim under this subchapter that has been outstanding for more than 10 years.") Plaintiff claims the debts of plaintiff and the Time-Bar Class he seeks to represent that AAFES referred to TOP were "claims" under the subchapter and thus subject to the 10-year limitation. Defendants deny that the 10-year provision for TOP offset was violated in this case. First, defendants contend that the provision is not applied as plaintiff alleges. Second, defendants contend the collections from Mr. Briggs obtained by defendants reflect recovery of interest and/or penalty charges and the largest of those obligations did not, by definition, accrue until years after the original debts were incurred.

Plaintiff asserts that imposition of a finance charge on the UC purchases was in violation of the credit card contract requirement that no finance charge be imposed on the UC purchases. Defendants aver that this claim is moot. Defendants assert that, following referral to the TOP, interest charges were calculated against plaintiff's entire balance, including UC purchase debts, but that no such interest was ever collected from plaintiff. Moreover, because AAFES has restated plaintiff's UC balance to remove all interest charges, defendants contend that plaintiff's second claim, relating to such interest, is moot. Based on plaintiff's debts to the United States, defendants anticipate assertion of a right of setoff against any recovery by plaintiff and a counterclaim for the existing balance Mr. Briggs owes.

## MOTIONS

Defendants expect to file a motion for judgment on the pleadings and/or partial dismissal under Rule 12(b) as of the date of this submission. If defendant is successful on this motion as to the First Claim, plaintiff anticipates a motion to amend the First Amended Complaint to add a waiver of claims over $10,000 to the class definition for the Time Bar Class (such a waiver now exists only in the UC Finance Charge Class definition). Plaintiff anticipates a motion to certify the class. Plaintiff's counsel not admitted in this District expect to file pro hac vice motions. Cross-motions for summary judgment will probably be appropriate.

## AMENDMENT OF PLEADINGS

The plaintiff has filed a First Amended Complaint. No other amendments are contemplated. The parties have stipulated that defendants shall have until February 14, 2008 to answer or otherwise respond to the complaint.

## EVIDENCE PRESERVATION

Plaintiff contends that most relevant evidence is in the possession of defendants. The plaintiff and defendants attest by their signature hereto that they have each taken steps, respectively, to preserve evidence relevant to issues reasonably evident in this action, including interdiction of document-destruction programs and any ongoing erasures of e-mails, voice mails and other electronically-recorded material. Plaintiff has retained records concerning offsets and charges to his account provided by the government that existed at the time the case was filed.

Defendants have reviewed the claims asserted in the First Amended Complaint and have determined the following: records relevant to Mr. Briggs' AAFES account in the possession or control of AAFES are likely to be found in electronic accounting system databases and/or on microfiche. Through its Office of General Counsel, AAFES has notified appropriate agency personnel by e-mail and in person to preserve all records relating to Mr. Briggs' account indefinitely under a "litigation hold." AAFES has also made and is making a physical copy of such relevant records. The Financial Management Service ("FMS") of the Department of the Treasury processes TOP referrals and offsets. Agency counsel for FMS reports that TOP records in the possession or control of FMS are maintained indefinitely and are not scheduled for disposal. Based on the facts alleged, defendants do not believe that evidence relevant to an issue reasonably evident in this case would be contained in e-mail or voice mail messages.

## DISCLOSURES

No Rule 26(a) disclosures have been made. The parties have agreed to make all Rule 26(a)(1) disclosures by February 25, 2008.

## DISCOVERY

No discovery has been taken to date. Plaintiff proposes the following discovery plan: No limitations or modifications of the discovery rules are anticipated.

a. *Automatic Disclosures:* The Rule 26(a) disclosures will be made as noted above.

b. *Discovery Scope and Schedule:* Plaintiff's statement: Likely subjects of discovery include the number of AAFES credit card customers subject to TOP collection; the number of persons and amounts collected through TOP on claims outstanding more than 10 years at the time of collection; the number of persons whose Uniform Clothing purchases were subjected to finance charges after their AAFES debt was referred to TOP; the amount of finance charges collected on Uniform Clothing purchases from class members; the portion of the UC finance charges collected by TOP that would not have been collected if no finance charge had been assessed on UC purchases; AAFES computer programs used to transmit and determine finance charges and date debt was outstanding; TOP procedures from AAFES and other agencies to ensure an accurate outstanding date is used on TOP offsets and the reasons AAFES continued to claim in 2007 that the AAFES credit card debt could be collected through TOP for 10 years after referral to TOP.

Defendants' statement: No discovery beyond initial disclosures should be allowed until after the court has ruled on any motion by plaintiff for class certification. Determination of this issue will significantly affect the need, scope, and time required for all further discovery in the case. The class certification motion can be briefed without further discovery and most all of the discovery that plaintiff proposes is targeted toward class, not individual, damages.

c. *Electronic Information.* Plaintiff believes that TOP and AAFES have the information necessary to determine most of the factual elements of the claims of the class in electronic form. Gathering and transmission to plaintiff of this data in forms accessible to available computer programs (e.g., Microsoft Excel) may be an issue, but it is too early to tell. Defendants contend that no class can be certified in this case and aver that no need exists for electronic data. The principal facts relating to plaintiff's claims can be readily determined by reference to relatively few pages of printouts. Even if it were assumed that some class could be certified, defendants are not likely to have current

name and address information necessary to determine residency, membership in a class, or whereabouts for purposes of any class notice. Plaintiff's claims involve old debts, which increases the likelihood of stale contact information and defendant's systems are not designed to match such old debts to the particular contract at issue on plaintiff's claims here. Finally, some records, at least, are stored on microfiche and not electronically. All microfiche material must be printed out and checked manually.

*d. Privilege Issues.* Plaintiff expects defendants will raise privacy issues related to information plaintiff will seek about the class. The parties have not yet addressed this issue.

*e. Discovery Limits:* Plaintiff does not expect to request any changes in the discovery limits established by the FRCP, Local Rules and the Supplemental Order to Order Setting Initial Case Management Conference in Civil Cases Before Judge William Alsup. Defendants propose that no discovery beyond initial disclosures be permitted until after class certification has been decided.

*f. Other Orders:* No other orders need to be considered at this CMC.

## CLASS ACTION ISSUES

Plaintiff proposes that the motion date for Class Certification should be scheduled after defendant's motion to dismiss has been adjudicated and defendant has responded to discovery, expected to be promulgated in early March, 2008. Defendants contend that this case is not amenable to class action treatment and that the question of eligibility for certification substantially affects many other considerations, not the least of which is the scope and length of discovery. Defendants, therefore, respectfully urge the Court to order plaintiff to file his class motion promptly, and no more than 30 days after the Initial Case Management Conference, so that the Court can determine by order whether to certify the action as a class action "[a]t an early practicable time" after suit is filed, as required by Fed. R. Civ. P. 23(c)(1)(a).

## RELIEF

Plaintiff seeks a judgment (1) granting an injunction against the future illegal use of TOP to collect debt outstanding for more than 10 years and (2) granting an injunction prohibiting

AAFES from including improper finance charges in claims submitted to TOP and (3) granting all other appropriate equitable remedies, including restitution of all amounts improperly collected. Plaintiff does not seek damages as such, although he does ask for defendants to be required to pay interest on the amounts of restitution paid to the class.  Restitution would be 100% of the amount collected through TOP more than 10 years after the debt became outstanding pursuant to the First Claim; restitution of finance charges on UC purchases in the Second Claim would only be made to the extent such finance charges were actually collected; UC finance charges would not be "collected" unless the amount collected on the debt exceeded the debt balance due exclusive of the UC interest.

Defendants contend that plaintiff is entitled to none of the relief he seeks.  Even if plaintiff's allegations were assumed to be true, interest would not be recoverable against the United States, and any award to Mr. Briggs would be subject to an immediate set-off in favor of the United States.  Moreover, the United States is entitled to a judgment against plaintiff on a compulsory counterclaim for the unsatisfied balance owed by plaintiff on his AAFES credit card account.

## SETTLEMENT AND ADR

The case was assigned to the ADR Multi-Option Program governed by ADR Local Rule 3.  The parties conferred by telephone on January 29, 2008 about the ADR options.  The parties have filed a request for telephone conference.  Counsel for the United States faxed a settlement proposal letter to plaintiff's counsel on February 5, 2008.  Plaintiff does not believe that further settlement discussions or other ADR alternatives would be helpful until the class certification issue is determined.-

## CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

The parties have not consented to have a magistrate judge conduct all further proceedings in this matter.

## OTHER REFERENCE

The parties do not believe the case is suitable for binding arbitration, a special master or reference to the Judicial Panel on Multidistrict Litigation.

## NARROWING OF ISSUES

The issues might be substantially narrowed very early in this case if the Court addresses two issues promptly. The Court should resolve defendants' anticipated motion for judgment on the pleadings and/or partial dismissal. The Court should address class action certification. Defendants believe that class certification should be briefed promptly so the matter can be decided early, because the outcome on class certification will significantly narrow the issues and limit the need or time required for discovery, dispositive motions, and trial.

## EXPEDITED SCHEDULE

Plaintiff believes that after class certification issues are resolved the case will probably be ready for disposition by summary judgment. Defendant believes that the determination of class certification will have such a substantial impact on the scope of discovery and all further pretrial matters that the Court should promptly turn to the class certification issue and not permit discovery or address other scheduling issues until it decides plaintiff's class motion.

## SCHEDULING

Class certification motion should be heard as soon as practicable.

## TRIAL

The case must be tried to the Court. It is possible that the matter could be decided on summary judgment. Defendants believe, however, that if the case were certified as a class, the matter would require discovery and trial on many individual issues relating to the specific debts and payment histories of each class member.

**DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Plaintiff has filed its Certification of Interested Entities or Persons pursuant to Civil L. R. 3 – 16 stating that "other than the named parties, there is no such interest to report." The defendant United States and AAFES, a non-appropriated fund instrumentality thereof, are exempt from this certification.

Dated:  February 14, 2008     Respectfully submitted,

        LAW OFFICES OF S. CHANDLER VISHER
        CONSUMER LAW OFFICE OF MARIE NOEL APPEL
        PUBLIC CITIZEN LITIGATION GROUP

By: *S Chandler Visher*
        S. Chandler Visher, Esq., Attorneys for Plaintiff


JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General
MICHAEL F. HERTZ
Deputy Assistant Attorney General
J. CHRISTOPHER KOHN, Director
RUTH A. HARVEY,  Assistant Director


/S/ Michael J. Quinn
MICHAEL J. QUINN (D.C. Bar No. 401376)
Commercial Litigation Branch, Civil Division
P.O. Box 875, Ben Franklin Station
Washington, D.C. 20044-0875
Telephone: (202) 307-0243
Facsimile: (202) 514-9163
Attorneys for Defendants