UNITED STATES DEPARTMENT OF JUSTICE
Ruth A. Harvey
Assistant Director
Michael J. Quinn (D.C. Bar No. 401376)
Trial Attorney
Commercial Litigation Branch
Civil Division
P.O. Box 875
Ben Franklin Station
Washington, D.C. 20044-0875
Telephone: (202) 307-0243; Facsimile: (202) 514-9163
michael.quinn3@usdoj.gov

Attorneys for all Defendants

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| JULIUS BRIGGS, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA and ARMY AND AIR FORCE EXCHANGE SERVICE,<br><br>Defendants. | No. CV-07-5760 WHA<br><br>**ANSWER AND COUNTERCLAIM TO THE FIRST AMENDED COMPLAINT** |

**ANSWER TO FIRST AMENDED COMPLAINT**

NATURE OF THE CASE

1. Defendants admit that the Army and Air Force Exchange Service ("AAFES"), is an instrumentality of the United States and that it administers a credit card program for qualified customers to use when making purchases from Post Exchange stores that AAFES operates. Defendants further state that the credit card agreement that is the subject of the amended complaint and federal law (31 U.S.C. § 3716) authorize AAFES to collect delinquent debts owed the United States by way of offset and that one means of collection is through a referral of debts

to the Department of the Treasury for offset pursuant to a statutorily-authorized process (see 31 U.S.C. § 3717) known as the Treasury Offset Program ("TOP"). Defendants aver that the remainder of Paragraph 1 contains assertions of legal conclusions to which no response is required and otherwise deny the same.

2. Defendants aver that Paragraph 2 is a description of the relief that plaintiff seeks through his claims to which no admission or denial is required. Alternatively, Defendants answer that plaintiff is not entitled to the relief he seeks and therefore deny the allegations in Paragraph 2.

## PARTIES

3. Defendants admit that Julius Briggs is a former member of the United States Army and that during his service he applied for and obtained a credit card issued by AAFES in 1993 and that the claims in his complaint arise out of the underlying credit card agreement, his use of that credit card, and his failure to repay debts incurred through that use in or about November and December 1993. Defendants otherwise aver that the remaining facts alleged in Paragraph 3 are neither relevant to any claim or defense herein and therefore deny the same.

4. Defendants lack sufficient information to admit or deny the allegations in Paragraph 4 and therefore deny the same.

5. Defendants lack sufficient information to admit or deny the allegations concerning Mr. Briggs' disability and personal financial situation over the period alleged and therefore deny the same. Defendants aver that because Mr. Briggs made no payment on his AAFES credit card account, the debts grew as penalties and finance charges accumulated; AAFES referred the delinquent account to Treasury in or about June 1997 for offset. Defendants further aver that the TOP executed offsets in connection with these debts as follows: $411.84 on or about April 27, 2003; $818.00 on or about February 10, 2004; $646.65 on or about February 24, 2005; $397.00 on or about February 23, 2006; and $511.30 on or about May 10, 2007. Defendants further aver

that the offsets were applied first to penalty, interest and/or administrative charges on Mr. Briggs' DPP balance and were not sufficient to satisfy any part of the principal balance of Mr. Briggs' debts. Defendants otherwise deny the allegations of Paragraph 5.

6. Defendants lack sufficient information to admit or deny the allegations of Paragraph 6 and therefore deny the same.

7. Defendants aver that Paragraph 7 contains assertions of legal conclusions to which no response is required and otherwise deny the same.

8. Defendants admit Paragraph 8 but aver that AAFES is improperly joined as a party to this action and should be dismissed.

## JURISDICTION

9. Defendants aver that Paragraph 9 contains assertions of legal conclusions to which no response is required and otherwise deny the same.

10. Defendants aver that Paragraph 10 contains assertions of legal conclusions to which no response is required and otherwise deny the same.

## INTRADISTRICT ASSIGNMENT

11. Defendants deny that any substantial part of events or omissions on which plaintiff's claim is based occurred in the City or County of San Francisco and lack sufficient information concerning plaintiff's residence to admit or deny that allegation, and therefore deny it. Defendants aver that the remainder of Paragraph 11 contains assertions of legal conclusions to which no response is required and otherwise deny the same.

## FACTS RELATING TO PLAINTIFF

12. Defendants admit the allegations of Paragraph 12 and further aver that Mr. Briggs

**Answer and Counterclaim to**
**First Amended Complaint**         CV-07-5760 WHA         Page 3 of 15

agreed to contractual terms contained in the AAFES retail credit agreement in effect at the time AAFES issued the card to him.

13.     Defendants admit that the credit agreement alleged in Paragraph 13 and attached to the First Amended Complaint as Exhibit A governs the transactions at issue and otherwise deny the allegations of Paragraph 13.

14.     Defendants admit that Mr. Briggs made multiple charges in both the DPP and UC categories during the referenced time period, and that the total amounts Mr. Briggs charged in each category are as stated in Paragraph 14.  Defendants admit that the interest terms for UC are different from DPP purchases, but otherwise deny the allegations of Paragraph 14.

15.     Defendants admit that AAFES sent Mr. Briggs a monthly statement in November 1993 which requested a minimum payment by December 1993.  Defendants further admit that Mr. Briggs has remitted no payments on his account since he used his card to make purchases, and otherwise deny the allegations of Paragraph 15.  Defendants further aver that some charges Mr. Briggs made to his account occurred after the referenced closing date and thus were not billed to him until a later statement.

16.     Defendants admit that the statement attached as Exhibit B to the First Amended Complaint is an accurate copy and otherwise deny the allegations in Paragraph 16.

17.     Defendants admit that AAFES attempted on multiple occasions by mail to solicit payments from Mr. Briggs on his account.  Defendants further state that after these repeated attempts failed, AAFES referred Mr. Briggs' account to the TOP during June 1997 for offset and that the dollar amount referred included the principal debts, together with accumulated interest, penalty, and administrative charges authorized under the terms of the credit agreement and, that following referral to the TOP, such charges continued to accumulate on Mr. Briggs' account. Defendants further state that offsets against Mr. Briggs began in 2003 and otherwise deny the allegations of Paragraph 17.

18. Defendants admit that AAFES referred Mr. Briggs' account to the TOP and that the alleged offsets occurred in the amounts and on the dates stated in Paragraph 18. Defendants further state that the offsets were applied to penalty, interest, and/or administrative charges on the DPP balance and were not sufficient to satisfy any part of the principal balance of Mr. Briggs' debts. Defendants aver that the remainder of Paragraph 18 contains assertions of legal conclusions to which no response is required and otherwise deny the same.

19. Defendants admit that the interest charges applied to Mr. Briggs' account changed following referral to the TOP and aver that the remainder of Paragraph 19 contains assertions of legal conclusions to which no response is required and otherwise deny the same.

20. Defendants aver that Paragraph 20 contains assertions of legal conclusions to which no response is required and otherwise deny the same.

21. Defendants admit that interest charges were calculated for the UC portion of Mr. Briggs debts following referral of his account to the TOP and aver that the remainder of Paragraph 21 contains assertions of legal conclusions to which no response is required and otherwise deny the same.

## CLASS ACTION ALLEGATIONS

22. Defendants state that plaintiff's claims are not eligible or appropriate for class certification under any provision of Federal Rule of Civil Procedure 23, that venue is improper, and aver that the remainder of Paragraph 22 contains assertions of legal conclusions to which no response is required and otherwise deny the same.

23. Defendants aver that Paragraph 23 contains conjecture and assertions of legal conclusions to which no response is required and otherwise deny the same. Defendants further aver that even if the allegations of Paragraph 23 were assumed to be accurate, this case would still not eligible or appropriate for class certification under any provision of Rule 23.

24. Defendants aver that Paragraph 24 contains assertions of legal conclusions to which no response is required and otherwise deny the same.

FIRST CLAIM
(Alleged Collection of Debt Outstanding More than 10 Years)

25. Defendants incorporate herein by reference paragraphs 1 - 24.

26. Defendants aver that Paragraph 26 contains assertions of legal conclusions to which no response is required and otherwise deny the same.

27. Defendants admit that the quoted text is contained in 31 U.S.C. § 3716(e) and otherwise deny the allegations of Paragraph 27.

28. Defendants admit that Mr. Briggs had a credit card account with AAFES and made multiple charges in both the DPP and UC categories during the referenced time period, and that the total amounts Mr. Briggs charged to his account are as stated in Paragraph 28. Defendants further state that AAFES charged interest, penalties, and administrative costs to his account at regular intervals, pursuant to the terms of the credit agreement, following the period referenced in Paragraph 28, but otherwise deny the allegations of Paragraph 28.

29. Defendants aver that Paragraph 29 contains assertions of legal conclusions to which no response is required and otherwise deny the same.

30. Defendants admit that the offset report attached to the First Amended Complaint as Exhibit C is an accurate copy and that the document reports offsets taken. Defendants further aver that the remainder of Paragraph 30 contains assertions of legal conclusions to which no response is required and otherwise deny the same.

31. Defendants aver that Paragraph 31 contains assertions of legal conclusions to which no response is required and otherwise deny the same.

32. Defendants admit that the letter attached as Exhibit D to the First Amended Complaint says what it says but otherwise deny the allegations of Paragraph 32.

33. Defendants aver that Paragraph 33 contains assertions of legal conclusions to which no response is required and otherwise deny the same.

34. Defendants deny the allegations of Paragraph 34 and further aver that plaintiff's claims are not eligible or appropriate for class certification under any provision of Federal Rule

1  of Civil Procedure 23.

2  35.  Defendants deny the allegations of Paragraph 35.

#### SECOND CLAIM
(Alleged Correction of Credit Card Balances and Restitution of Illegally Offset Finance Charge Amounts)

36.  Defendants incorporate herein by reference paragraphs 1 - 36.

37.  Defendants admit the allegations of Paragraph 37.

38.  Defendants admit the allegations of Paragraph 38.

39.  Defendants admit that after Mr. Briggs' account was referred to the TOP, interest charges of 6% per annum were applied to the UC component of Mr. Briggs' account but aver that no such interest was ever collected from plaintiff.  Defendants also state that AAFES has reviewed Mr. Briggs' account and has restated his account to remove all interest that had been calculated in connection with the UC portion of his account and with that adjustment made, Mr. Briggs' credit card account balance was $3,938.37 as of February 12, 2008. Defendants otherwise deny the remaining allegations of Paragraph 39.

40.  Defendants deny the allegations of Paragraph 40 and further aver that plaintiff's claims are not eligible or appropriate for class certification under any provision of Federal Rule of Civil Procedure 23 and that venue is improper.

41.  Defendants aver that Paragraph 41 contains assertions of legal conclusions to which no response is required and otherwise deny the same.

42.  Defendants deny the allegations of Paragraph 42.

**AFFIRMATIVE DEFENSES**

43. Defendants incorporate herein by reference paragraphs 1 - 42. As part of their answer to the First Amended Complaint, Defendants also assert the following affirmative defenses.

44. Plaintiff's claims are barred by reason of Sovereign immunity.

45. Plaintiff's claims are barred by the statute of limitations.

46. Plaintiff's claims are subject to setoff.

47. Plaintiff's claims are barred by unclean hands.

48. Plaintiff's claims are barred by laches.

49. Plaintiff's claims are barred as moot.

50. Plaintiff fails to state a claim for which relief can be granted by the court.

51. Subject matter jurisdiction is lacking.

WHEREFORE, Defendants submit that plaintiff is not entitled to any relief, should take nothing in this action and that judgment be entered in favor of Defendants on all claims and that the claims be dismissed with prejudice.

**COUNTERCLAIM**

COMES NOW THE UNITED STATES OF AMERICA, and for its counterclaim alleges as follows.

1. This Counterclaim arises out of the same transactions and occurrences as the claims asserted in the First Amended Complaint. The Army and Air Force Exchange Service ("AAFES") is a non-appropriated fund instrumentality of the United States that administers a credit card program for qualified customers to use when making purchases from Post Exchange

stores that AAFES operates. By this counterclaim, the United States seeks to recover unsatisfied debts, including interest, penalties, and administrative costs, incurred by Julius Briggs on credit extended by AAFES under its credit card program.

### Parties

2. Counterplaintiff is the United States of America, acting through AAFES, which is a non-appropriated fund instrumentality of the United States. As noted above, AAFES operates retail stores for members of the armed services and a credit card program as part of those services.

3. Counterdefendant is Julius Briggs, an individual, who is an Army veteran and, upon information and belief is a resident of San Francisco, California. In or about November 1993, Mr. Briggs opened a credit card account with AAFES.

### Jurisdiction

4. This Court has subject matter jurisdiction under 28 U.S.C. § 1346(c), which provides that the limited jurisdiction granted to a district court to adjudicate a claim asserted against the United States under the "Little Tucker Act," see 28 U.S.C. § 1346(a)(2), "includes any set-off, counterclaim, or other claim or demand whatever on the part of the United States against any plaintiff commencing an action under this section." 28 U.S.C. § 1346(c). Because plaintiff's First Amended Complaint ("FAC") invokes the jurisdiction of this court under said provision, see FAC ¶ 9, the Court has jurisdiction over this counterclaim.

### Venue

5. Venue is proper in this District because, upon information and belief, counterdefendant resides in this District and because the FAC is filed in this court.

### Intradistrict Assignment

6. Pursuant to Civil L.R. 3-2 and 3-5(b), this action appropriately is assigned to the San Francisco Division of the Northern District of California because, upon information and belief, the counterdefendant resides in the City and County of San Francisco, and because the

**Answer and Counterclaim to**
**First Amended Complaint**        CV-07-5760 WHA        Page 9 of 15

FAC is filed in this court.

## Facts Giving Rise to this Counterclaim

7. Counterdefendant, Mr. Briggs, avers and admits in his First Amended Complaint that he entered into a credit card arrangement with AAFES in or about November 1993. The terms of the arrangement are contained in a contract titled "AAFES Credit Program Account Agreement," a copy of which is annexed as Exhibit A to the FAC ("Credit Agreement"). Shortly thereafter, Mr. Briggs made several purchases and charged them to his AAFES credit card account. The purchases occurred between November, 1993 and December, 1993, and totaled $1,857.08. (See FAC ¶ 14.)

8. Under the Credit Agreement, Counterdefendant was to make monthly payments on purchases charged to his account. See FAC Exhibit A. The agreement provides for a minimum payment amount due each month based on the type of purchase and the amount. For charges made under the Deferred Payment Plan ("DPP") of the Credit Agreement, the monthly minimum payment is based on a 36 month payback period or $10, whichever was greater, unless the balance is under $10, in which case the full balance would be due. For uniform apparel purchases made under the Uniform Clothing Deferred Payment Plan ("UC"), the monthly minimum payment is based on an eight month payback period or $25, whichever is greater, unless the balance is under $25, in which case the full balance would be due. As Counterdefendant states in the FAC, Mr. Briggs incurred charges for purchases of $1,508.89 under the DPP and $348.19 under the UC components of his account.

9. The Credit Agreement also specifies a process for the Counterdefendant to question or challenge any errors in his account by writing to AAFES. The agreement requires Counterdefendant to contact AAFES within 60 days of the date on which AAFES first sends a bill containing the questioned or erroneous charge. Upon information and belief, Mr. Briggs has not written to AAFES to challenge any amounts charged to his account.

10. The Credit Agreement further specifies how interest can be charged to an account.

1  The agreement provides that purchases of military uniform apparel made to the account under the
2  UC component are not charged interest.  All other purchases charged to the account are financed
3  under the DPP at a percentage rate of twelve percent (12%) per annum.

4        11.    If a customer's payments are not timely made under the agreement, AAFES is
5  entitled under the Credit Agreement to add penalty charges of six percent (6%) per annum to the
6  account, as well as administrative costs.

7        12.    AAFES sent monthly account statements to Mr. Briggs setting forth the charges
8  made to his account, indicating any finance or other charges, and specifying the minimum
9  payment he was obligated to submit according to the terms of the Credit Agreement.  Mr. Briggs
10 never made a payment on his account.  AAFES sent successive monthly statements and letters
11 requesting payment, but Mr. Briggs neither made a payment on his account nor did he contact
12 AAFES to make other arrangements regarding his debts.

13       13.    Because Mr. Briggs never remitted payment on his $1,857.08 in purchases, his
14 account accumulated interest charges, penalty charges, and administrative fees over time.

15       14.    The unpaid balance of Mr. Briggs' debt continued to grow with the addition of
16 each new charge for interest, penalties, and administrative costs.

17       15.    Federal statute (31 U.S.C. § 3716) authorizes AAFES and other components of
18 the federal government to collect delinquent debts owed the United States by way of offset.  One
19 means of collection is through a referral of the debt to the Department of the Treasury
20 ("Treasury") for offset pursuant to a statutorily-authorized process (see 31 U.S.C. § 3717),
21 known as the Treasury Offset Program ("TOP").  The Credit Agreement expressly provides that
22 unsatisfied debts may be referred for offset.

23       16.    AAFES referred the account pursuant to the TOP on or about June 18, 1997.  At
24 that time, the debts owed by Mr. Briggs had grown to $2,990.45.

25       17.    Following referral to Treasury, additional interest, penalty and administrative
26 charges accumulated on the account with the passage of time.  Beginning in 2003, Treasury was

able to recover some of the debts owed by Counterdefendant through annual offsets against tax refunds otherwise due Mr. Briggs.

18. AAFES applied the offsets toward interest and penalty charges on the DPP balance. A total of $ 2,784.79 was recovered by way of offset from 2003 through 2007, but these recoveries only satisfied part of the interest and penalty charges, after deduction for administrative collection costs. In early 2008, AAFES reviewed Mr. Briggs' account and restated his UC balance to remove all interest charges calculated with respect to the UC balance of his account. After making that adjustment and deducting all offset amounts, Counterdefendant's account balance was $3,938.37 as of February 12, 2008.

19. The United States is, therefore, entitled to recover the principal and all unsatisfied interest, penalty, administrative, and other proper charges that remain due and owing as of the date of judgment on this Counterclaim.

20. Should the Court determine that any offset executed by Treasury in order to recover a part of Mr. Briggs' debt was unlawful or otherwise improper and should be refundable to Counterdefendant, the United States is entitled to recover under this Counterclaim and against the Counterdefendant an amount equal to any amount due as a refund in addition to the remaining balance of the debts owed as of the date of judgment.

**COUNTERCLAIM AS TO OTHER PARTIES WHO MAY JOIN THIS ACTION**

21. Counterplaintiff incorporates herein by reference paragraphs 1 - 20 of the Counterclaim above.

22. Counterdefendant has alleged in his First Amended Complaint that his claims should be certified under Federal Rule of Civil Procedure 23 to proceed on behalf of two separately defined classes of AAFES credit card holders. Upon information and belief, should other AAFES cardholders with claims similar to those alleged by Mr. Briggs join as co-plaintiffs with Mr. Briggs or join through a certified class action, the United States would, upon information and belief, also have counterclaims against some or all of such additional plaintiffs

for setoffs that the Court might order refunded and/or for the unsatisfied debts owed with respect to the AAFES credit card program.

23. Further specifics of such counterclaims are not known or knowable at this time, because the identity of such additional counterdefendants depends on their joinder in this case as co-plaintiffs or members of a defined and certified class. Counterplaintiff, therefore, reserves the right to duly amend this Counterclaim after the identity and payment status of any other parties are discovered. Counterplaintiff, the United States, is entitled to recover all such unsatisfied debts as against each party individually in amounts to be determined.

WHEREFORE, the United States requests that this Court:

1. Enter judgment against Counterdefendant Julius Briggs and in favor of the United States for the full remaining balance due on his AAFES account, together with interest and all other proper charges thereon, in an amount to be determined as of the date of judgment, together with the cost of this action; and

2. In the event that the claims alleged in the First Amended Complaint are expanded to include claims by any other co-plaintiff or the members of any certified class of AAFES credit card account holders, entry of judgment against all such other Counterdefendants and in favor of the United States for the full remaining balance due on their respective AAFES accounts, together with interest and all other proper charges thereon, in amounts to be determined as of the date of judgment, together with the cost of this action.

Dated: February 14, 2008

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

MICHAEL F. HERTZ
Deputy Assistant Attorney General

J. CHRISTOPHER KOHN
Director

RUTH A. HARVEY
Assistant Director

 /s/  Michael J. Quinn
MICHAEL J. QUINN
(D.C. Bar No. 401376)
Commercial Litigation Branch
Civil Division
P.O. Box 875
Ben Franklin Station
Washington, D.C. 20044-0875
Telephone: (202) 307-0243
Facsimile: (202) 514-9163

Attorney for Defendants and Counterplaintiff

CERTIFICATE OF SERVICE

I hereby certify that, on February 14, 2008, the foregoing *Answer and Counterclaim to the First Amended Complaint* was served by Electronic Case Filing.

/s/ Michael J. Quinn
Michael J. Quinn

**Answer and Counterclaim to**
**First Amended Complaint**　　　　**CV-07-5760 WHA**