LAW OFFICES OF S. CHANDLER VISHER
S. Chandler Visher (California State Bar No. 52957)
44 Montgomery Street, Suite 3830
San Francisco, California 94104
Telephone: (415) 901-0500; Facsimile: (415) 901-0504
chandler@visherlaw.com

CONSUMER LAW OFFICE OF MARIE NOEL APPEL
Marie Noel Appel (California State Bar No. 187483)
44 Montgomery Street, Suite 3830
San Francisco, California 94104
Telephone (415) 901-0508; Facsimile: (415) 901-0504
marie@consumerlaw.ws

PUBLIC CITIZEN LITIGATION GROUP
Deepak Gupta (pro hac vice application to be filed)
Brian Wolfman (pro hac vice application to be filed)
1600 20th Street, NW
Washington, DC 20009
Telephone: (202) 588-7739; Facsimile: (202) 588-7795
dgupta@citizen.org; brian@citizen.org

Attorneys for plaintiff Julius Briggs

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| JULIUS BRIGGS, on behalf of himself and all others similarly situated,<br>　　　　　Plaintiff,<br>v.<br>UNITED STATES OF AMERICA and ARMY AND AIR FORCE EXCHANGE SERVICE,<br>　　　　　Defendants. | No. CV – 07 – 5760 WHA<br><br>**CLASS ACTION**<br><br>**ANSWER OF COUNTERDEFENDANT JULIUS BRIGGS** |

/ / /

/ / /

1. Counterdefendant denies that the Counterclaim arises out of the same transactions and occurrences as the claims asserted in the First Amended Complaint. Counterdefendant admits that the Army and Air Force Exchange Service (AAFES) is a non-appropriated fund instrumentality of the United States that administers a credit card program for qualified customers to use when making purchases from Post Exchange stores that AAFES operates. Counterdefendant avers that the remainder of Paragraph 1 is a description of the relief that Counterplaintiff seeks through its counterclaims to which no admission or denial is required.

### PARTIES

2. Counterdefendant admits the allegations of Paragraph 2.

3. Counterdefendant admits the allegations of Paragraph 3.

### JURISDICTION

4. Counterdefendant admits the allegations of Paragraph 4, to the extent that jurisdiction of First Amended Complaint is based on the Little Tucker Act.

### VENUE

5. Counterdefendant admits the allegations of Paragraph 5.

### INTRADISTRICT ASSIGNMENT

6. Counterdefendant admits the allegations of Paragraph 6.

### FACTS GIVING RISE TO THIS COUNTERCLAIM

7. Counterdefendant admits the allegations of Paragraph 7.

8. Counterdefendant admits that the Credit Agreement (Exhibit A to FAC) governs the terms of Mr. Briggs' credit card account with AAFES and, to the extent the allegations of Paragraph 8 accurately quote the Credit Agreement, admits said allegations, but otherwise deny the allegations of Paragraph 8.

///

/ / /

9. Counterdefendant admits that the Credit Agreement sets out a procedure to follow for billing errors or inquiries and, to the extent the allegations of Paragraph 9 accurately quote the Credit Agreement admit said allegations, but otherwise deny the allegations of Paragraph 9.

10. Counterdefendant admits that the Credit Agreement governs the terms of Mr. Briggs' credit card account with AAFES and, to the extent the allegations of Paragraph 10 accurately quote the Credit Agreement, admits said allegations, but otherwise deny the allegations of Paragraph 10.

11. Counterdefendant admits that the Credit Agreement governs the terms of Mr. Briggs' credit card account with AAFES and, to the extent the allegations of Paragraph 11 accurately quote the Credit Agreement, admits said allegations, but otherwise deny the allegations of Paragraph 11.

12. Counterdefendant admits that AAFES sent Mr. Briggs monthly statements for some months between November 1993 and through June 1997 setting forth the charges made to his account, indicating finance or other charges, and specifying the minimum payment AAFES claimed he was obligated to submit. Counterdefendant also admits that he never made a payment on his account, but otherwise denies the allegations of Paragraph 12.

13. Counterdefendant admits the allegations of Paragraph 13 to the extent that the credit card contract or other applicable law permitted imposition of finance charges, penalty charges and administrative charges, but deny that the statements and accounts prepared by AAFES accurately reflect their proper amounts.

14. Counterdefendant admits the allegations of Paragraph 14.

15. Counterdefendant denies that 31 U.S.C. 3717 reflects the statutorily-authorized process of offset referred to in Paragraph 15 but otherwise admits the allegations of Paragraph

15.

16. Counterdefendant admits that AAFES referred Mr. Briggs' account to the Department of the Treasury for offset but otherwise denies the allegations of Paragraph 16.

17. Counterdefendant admits the allegations of Paragraph 17.

18. Counterdefendant admits that $2784.79 was recovered by way of offset from 2003 through 2007. Counterdefendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 18.

19. Counterdefendant avers that paragraph 19 contains assertions of legal conclusions to which no response is required and otherwise denies the same.

20. Counterdefendant denies the allegations of Paragraph 20.

**COUNTERCLAIM AS TO OTHER PARTIES WHO MAY JOIN IN THIS ACTION**

21. Counterdefendant hereby incorporates by reference Paragraphs 1 through 20 of the Answer above.

22. Counterdefendant admits that this First Amended Complaint alleges that his claims should be certified under the Federal Rule of Civil Procedure 23 to proceed on behalf of two separately defined classes of AAFES credit card holders. Counterdefendant avers that the remaining allegations of Paragraph 22 contain assertions of legal conclusions to which no response is required and otherwise denies the same.

23. Counterdefendant avers that the allegations of Paragraph 23 contain assertions of legal conclusions to which no response is required and otherwise denies the same.

**AFFIRMATIVE DEFENSES**

24. As part of his answer to the Counterclaim, Counterdefendant also asserts the following affirmative defenses:

25. Counterplaintiff's claims are barred by the statute of limitations.

26. Counterplaintiff's claims are barred by unclean hands.

27. Counterplaintiff's claims are barred by laches.

28. Counterplaintiff's claims are barred as against public policy.

29. Counterplaintiff's claims are barred because they violate the laws and regulations of the United States of America.

30. Counterplaintiff fails to state a claim for which relief can be granted by the court.

**WHEREFORE**, Counterdefendant Julius Briggs submits that Counterplaintiff is not entitled to any relief, should take nothing from its Counterclaim and that judgment be entered in favor of Counterdefendant individually and on behalf of unnamed class members on the Counterclaim.

Dated:  March 20, 2008                      Respectfully submitted,

LAW OFFICES OF S. CHANDLER VISHER
CONSUMER LAW OFFICE OF MARIE NOEL APPEL
PUBLIC CITIZEN LITIGATION GROUP


By: _____
S. Chandler Visher, Esq., Attorneys for Plaintiff