UNITED STATES DEPARTMENT OF JUSTICE
Ruth A. Harvey
Assistant Director
Michael J. Quinn (D.C. Bar No. 401376)
Beth E. Cook (D.C. Bar No. 413828)
Trial Attorneys
Commercial Litigation Branch
Civil Division
P.O. Box 875
Ben Franklin Station
Washington, D.C. 20044-0875
Telephone: (202) 616-2265; Facsimile: (202) 514-9163
beth.cook@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JULIUS BRIGGS, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant.<br>_____<br>UNITED STATES OF AMERICA,<br><br>Counterplaintiff,<br><br>vs.<br><br>JULIUS BRIGGS,<br><br>Counterdefendant. | No. CV-07-5760 WHA<br><br>NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; [PROPOSED] ORDER<br><br>Date: October 2, 2008<br>Time: 8:00 a.m.<br>Courtroom 9, 19th Floor |

Defendant's Motion for Summary Judgment          CV-07-5760 WHA

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that Defendant, the United States of America, hereby moves for summary judgment pursuant to Fed. R. Civ. P. 56 on the ground that no genuine issue of material fact exists to preclude judgment as a matter of law in its favor. This motion will be heard at 8:00 a.m. on Thursday, October 2, 2008, before the Honorable William H. Alsup, United States District Judge, in Courtroom 9 on the 19th Floor of the U.S. Courthouse, located at 450 Golden Gate Avenue, San Francisco, California. This motion is based on this motion and memorandum of points and authorities, the Declaration of Wendy Coker-Stowe, the pleadings, the arguments of the parties, and other material as may be considered by the Court.

**RELIEF REQUESTED**

Defendant asks the Court to grant summary judgment in favor of the United States on Plaintiff's First Amended Complaint because the United States's affirmative defense of setoff prohibits Plaintiff from obtaining any monetary recovery from the United States. Defendant also asks the Court to enter summary judgment in its favor on its counterclaim in the amount of $1,925.22, plus post-judgment interest.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION AND SUMMARY OF ARGUMENT**

The undisputed facts establish that Plaintiff opened a credit account with the Army and Air Force Exchange Service (AAFES), purchased merchandise and uniforms on credit, and never made a payment on his account. Because his account was delinquent, AAFES referred the debt to the Treasury Offset Program (TOP), a statutorily-created program that allows the Department of the Treasury to apply federal payments such as tax refunds against debts owed to a federal agency. Through TOP, the federal government applied $2,372.95 of Plaintiff's tax refunds over a four-year period to reduce his AAFES credit card debt. Plaintiff contends that those offsets were improper because they were taken beyond the ten-year period allowed under federal law.

Even if Plaintiff's argument is correct, he is not entitled to the relief he seeks for two

reasons. First, because the United States has the statutory right to set off the amount that Plaintiff claims he is entitled to recover, this Court should grant summary judgment in favor of the United States on Plaintiff's First Amended Complaint. Second, because Plaintiff has an outstanding balance on his AAFES credit card account, this Court should enter judgment in favor of the United States on its counterclaim in the amount it is owed, $1,925.22.

The statute authorizing the United States's setoff defense, 28 U.S.C. § 2415(f), allows the United States to assert the defense of setoff even when the six-year statute of limitations for filing a lawsuit to collect a debt owed to the government would otherwise apply. The six-year statute of limitations applicable to contract claims seeking money damages brought by the United States, 28 U.S.C. § 2415(a), "does not terminate all of the government's rights on a contract claim after six years, but merely eliminates one potential remedy – the filing of a lawsuit seeking money damages." Thomas v. Bennett, 856 F.2d 1165, 1169 (8th Cir. 1988). The underlying debt is not extinguished, and the government can collect on the debt in other ways, such as asserting setoff as an affirmative defense or foreclosing on a mortgage securing the debt. Gerrard v. United States Office of Educ., 656 F. Supp. 570, 574 (N.D. Cal. 1987). Section 2415(f) expressly allows the United States to setoff money owed to it in an amount not to exceed the opposing party's claim.

The United States's setoff right arises from the fact that, if the Court determines that the United States owes Plaintiff $2,372.95, the United States will add that amount back to the debt he owes AAFES because Plaintiff would never have paid that amount on his AAFES account. When the United States applied his tax refunds to reduce his debt, Plaintiff was credited with having made payments on his AAFES account. If that amount is refunded to him, Plaintiff would never have paid that amount and thus it would be owed to AAFES. In this situation, the United States would be entitled to exercise the right of setoff, which exists to avoid the "absurdity of making A pay B when B owes A." Citizens Bank of Maryland v. Strumpf, 516 U.S. 16, 18 (1995). Because Plaintiff has filed suit against the United States, under 28 U.S.C.

Defendant's Motion for Summary Judgment    CV-07-5760 WHA    Page 2

§ 2415(f), the United States is statutorily-authorized to setoff the $2,372.95 payment it allegedly owes Plaintiff against the $2,372.95 that Plaintiff would then owe AAFES. Thus, Plaintiff would be entitled to no recovery.

In addition to allowing government setoffs up to the amount of the plaintiff's claim, § 2415(f) provides that the statute of limitations does not apply to counterclaims filed by the United States provided that the United States's claim arises out of the transaction or occurrence that is the subject matter of the opposing party's claim. The courts have interpreted this provision as eliminating the statute of limitations for compulsory counterclaims filed by the United States under the same contract upon which a plaintiff's claim is brought. In addition to asserting its setoff right, the United States has filed a counterclaim for the current outstanding balance on Plaintiff's account. The amount due and owing on Plaintiff's account is $1,925.22. See Coker-Stowe Decl. ¶ 5. This is the amount outstanding even after giving Plaintiff credit for the tax refunds that were used to reduce the balance on his account. Thus, after recognizing both the government's rights to set off and to collect on its counterclaim, this Court should enter a judgment in favor of the United States in the amount of $1,925.22, plus post-judgment interest.

## STATEMENT OF UNDISPUTED FACTS

The undisputed facts show that Plaintiff purchased merchandise from AAFES-operated military exchange stores in the amount $1,857.08 using an AAFES credit card. Plaintiff admits that he never made a single payment on his AAFES debt. In an effort to collect the outstanding debt, plus interest and penalties that had accrued on Plaintiff's account, AAFES submitted Plaintiff's debt to the Treasury Offset Program (TOP). Through TOP, five of Plaintiff's tax refunds in the total amount of $2,784.79 were applied to offset his debt, (First Amended Complaint (FAC), Ex. C), and Plaintiff alleges that four of those offsets, totaling $2,372.95, were improperly made beyond the ten-year period in effect at the time.[1] Regardless of Plaintiff's

---

[1] As a result of recent Congressional action, the United States will, in the future, be permitted to continue referring outstanding debt to the Treasury Offset Program as Congress eliminated the ten-year period during which offsets could be made. On May 22, 2008, Congress

entitlement to a refund of the challenged TOP offset, he is still indebted to the United States for that amount and the amount currently outstanding on his AAFES account. Thus, the United States is entitled to a judgment in its favor to recover the outstanding balance on Plaintiff's account.

AAFES operates post exchange stores on U.S. military bases, selling various merchandise and uniform apparel. (FAC ¶ 1.) In late 1993, AAFES issued Plaintiff a credit card. (FAC ¶ 12). The use of the credit card was governed by a form credit card agreement, dated February 1993 ("Credit Agreement"), a copy of which is attached to Plaintiff's First Amended Complaint as Exhibit A and to the Declaration of Wendy Coker-Stowe filed with this motion. The Credit Agreement specified the minimum payments due each month and allowed AAFES to add penalty charges of 6% per year to all balances if Plaintiff failed to make monthly payments on time. (Credit Agreement ¶¶ 8-9.) The Credit Agreement also provided that merchandise purchased

---

enacted the Food, Conservation and Energy Act of 2008, Pub. L. No. 110-234, § 14219, 22 Stat. 923, 1482-83 (2008), which included a provision eliminating the statutory ten-year period for effectuating administrative offsets contained in 31 U.S.C. § 3716(e).

> (a) ELIMINATION. -- Section 3716(e) of title 31, United States Code, is amended to read as follows:
>
> (e)(1) Notwithstanding any other provision of law, regulation, or administrative limitation, no limitation on the period within which an offset may be initiated or taken pursuant to this section shall be effective.
>
> (2) This section does not apply when a statute explicitly prohibits using administrative offset or setoff to collect the claim or type of claim involved.
>
> (b) APPLICATION OF AMENDMENT. – The amendment made by subsection (a) shall apply to any debt outstanding on or after the date of the enactment of this Act.

Pub. L. No. 110-234, § 14219, 22 Stat. 923, 1482-83 (2008) (to be codified at 31 U.S.C. § 3716 & note).

Defendant's Motion for Summary Judgment     CV-07-5760 WHA     Page 4

1    under the Deferred Payment Plan ("DPP") would accrue finance charges of 12% per year on the
2    average daily balance, but uniform charges would not be subject to a finance charge. (Credit
3    Agreement ¶¶ 5-7.)
4           During November and December 1993, Plaintiff made several purchases and charged
5    $1,508.89 for merchandise under the DPP and $348.19 for uniforms. FAC ¶ 14. AAFES sent
6    Plaintiff monthly statements listing his purchases, reporting his account balances, requesting a
7    minimum payment, and indicating any finance charges accrued during the period. See FAC ¶¶
8    16-17. Plaintiff admits that he never remitted a payment on his account, FAC ¶ 15, and thus his
9    account became delinquent.
10          In June 1997, AAFES referred Plaintiff's delinquent account to the TOP, now operated
11   by the Financial Management Service of the Department of the Treasury. (FAC ¶ 18.) The
12   Credit Agreement expressly provides for referral, Credit Agreement ¶ 11, so that certain federal
13   payments, such as income tax refunds, could be used to offset Plaintiff's debt to AAFES. No
14   TOP offsets occurred until 2003, when there was an offset of $411.84, which Plaintiff does not
15   contest. (See FAC, Ex. C.) Further TOP offsets were made in the following amounts on the
16   following dates: $818.00 on January 30, 2004; $646.65 on February 18, 2005; $397.00 on
17   February 17, 2006; and $511.30 on May 4, 2007. Id.[2] It is these offsets in the amount of
18   $2,372.95 that Plaintiff contends should be refunded to him as they allegedly were taken beyond
19   the applicable ten-year period.
20          The Declaration of Wendy Coker-Stowe filed with this motion confirms that the amount
21   remaining on Plaintiff's AAFES account is $1,925.22 after deducting the $2,313.75 in offsets

---

[2] When an offset is made pursuant to the Treasury Offset Program, the Financial Management Service assesses an administrative fee. Thus, as shown on the spreadsheet attached to the Coker-Stowe Declaration, Ex. B at 2, the total amount collected by AAFES on the four allegedly improper TOP offsets was $2,313.75, or $59.20 less than the total amount of the four offsets. Also, because the funds are electronically transferred from TOP to AAFES, the date AAFES received the offset payments is typically a week or two later than the date the offsets were made by TOP.

Defendant's Motion for Summary Judgment      CV-07-5760 WHA                            Page 5

credited to his account. As explained in the declaration, the calculation of the amount outstanding reflects simple arithmetic using the terms of the Credit Agreement without assessing administrative fees. The calculation of the amount outstanding is a mathematical computation of finance charges and penalties assessed pursuant to the rates set forth in the Credit Agreement, which Plaintiff admits contains the governing terms of his agreement with AAFES.

## ARGUMENT

This Court should grant a motion for summary judgment when, viewing the evidence in the light most favorable to the non-moving party, no genuine issue as to any material fact exists and the movant is entitled to a judgment as a matter of law. Wolkowitz v. FDIC (In re Imperial Credit Indus., Inc.), 527 F.3d 959, 965 (9th Cir. 2008); Fed. R. Civ. P. 56(c). When the non-moving party points to no disputed issues of fact, the court's task is simply to determine whether the moving party is entitled to a judgment as a matter of law. Brown v. City of Los Angeles, 521 F.3d 1238, 1240 (9th Cir. 2008).

**I. UNDER § 2415(f), THE UNITED STATES AS A MATTER OF LAW IS ENTITLED TO SET OFF THE DEBT HE OWES TO AAFES AGAINST ANY REFUND AWARDED TO PLAINTIFF IN THIS LITIGATION.**

The United States's right to setoff mutual debts against each other is well-established. "The right of setoff . . . allows entities that owe each other money to apply their mutual debts against each other, thereby avoiding 'the absurdity of making A pay B when B owes A.'" Strumpf, 516 U.S. at 18 (quoting Studley v. Boylston Nat'l Bank, 229 U.S. 523, 528 (1913)); Dunn & Black, P.S. v. United States, 492 F.3d 1084, 1092 n.10 (9th Cir. 2007); In re Bevill, Bresler & Schulman Asset Mgmt Corp., 896 F.2d 54, 57 (3d Cir. 1990) (setoff permits parties who owe mutual debts to "state the accounts between them, subtract one from the other and pay only the balance"). "The doctrine of setoff has long occupied a favored position in our history of jurisprudence." Bohack Corp. v. Borden, Inc., 599 F.2d 1160, 1164 (2d Cir. 1979). "The rule allowing setoff . . . is not one that courts are free to ignore when they think application would be 'unjust.'" In re Applied Logic Corp., 576 F.2d 952, 957 (2d Cir. 1978).

A federal statute, 28 U.S.C. § 2415(f), expressly recognizes the United States's right to assert set off as a defense to a claim brought against it. Even when a claim of the United States would otherwise be time-barred, the United States is entitled to exercise its setoff rights and recover an amount equal to the opposing party's recovery. 28 U.S.C. § 2415(f). This provision guarantees the United States a right of setoff even if it would be unable to bring an affirmative claim against the opposing party because the statute of limitations has run. IML Freight, Inc. v. United States, 639 F.2d 676, 679 (Ct. Cl. 1980) (§ 2415(f) allows the government to raise, in actions brought against it, "affirmative defenses of setoff of its time-barred claims founded on contract").

In this case, Plaintiff alleges that $2,372.95 of his income tax refunds were improperly applied to reduce his debt beyond the ten-year period then prescribed by federal law. Assuming his allegation is correct, and the United States were required to return the $2,372.95 to him, Plaintiff never would have paid that amount to reduce his outstanding debt to AAFES. Thus, that amount would have to be added back to the debt he owes on his AAFES account. Under this scenario, because the United States would owe Plaintiff $2,372.95 and Plaintiff would owe the United States that same amount (plus the amount of the government's counterclaim, addressed below), the United States can raise as a defense to Plaintiff's claim its right to set off the countervailing debts. The end result of this setoff would be that Plaintiff would be entitled to no recovery and would owe the balance currently outstanding on his account. Recognizing the United States's long-established right to setoff in this situation would avoid the "absurdity" of making the United States pay Plaintiff $2,372.95 when Plaintiff owes the United States that same amount (plus the amount of the counterclaim). Strumpf, 516 U.S. at 18.

II. **THE UNITED STATES IS ENTITLED AS A MATTER OF LAW TO JUDGMENT ON ITS COUNTERCLAIM FOR THE OUTSTANDING BALANCE ON PLAINTIFF'S AAFES ACCOUNT.**

Congress created an important exception to the six-year statute of limitations for contract claims seeking money damages brought by the United States, 28 U.S.C. § 2415(a), which is the

Defendant's Motion for Summary Judgment    CV-07-5760 WHA    Page 7

United States's right to file a compulsory counterclaim to collect amounts owed to it. Section 2415(f) states that the statute of limitations provisions

> shall not prevent the assertion, in an action against the United States or an officer or agency thereof, of any claim of the United States or an officer or agency thereof against an opposing party, a co-party, or a third party that arises out of the transaction or occurrence that is the subject matter of the opposing party's claim.

28 U.S.C. § 2415(f). This statutory provision allows the government to assert a counterclaim that arises out of the same transaction or occurrence as the plaintiff's claim even assuming the six-year statute of limitations has run. Sea-Land Serv., Inc. v. United States, 493 F.2d 1357, 1371 (Ct. Cl. 1974) (assuming counterclaim would be barred by statute of limitations, that limitations period is "rendered inapplicable" by § 2415(f)). In the specific context of government counterclaims filed pursuant to § 2415(f), the courts recognize that the government may assert such a counterclaim when it arises out of the same contract upon which plaintiff's claim is brought. See, e.g., Am. Heritage Bancorp v. United States, 56 Fed. Cl. 596, 606 (2003) (government's counterclaim undisputedly arose under the same contract from which plaintiff's claim arose and thus government's counterclaim was not subject to any limitations period under § 2415(f)); Jana, Inc. v. United States, 34 Fed. Cl. 447, 452 (1995) (government's common law fraud counterclaims arising from same contracts as plaintiff's claims are not subject to any statute of limitations under § 2415(f)). For example, when a government contractor sought damages for costs incurred based on government actions that allegedly amounted to a constructive acceleration of performance, the court held that the government could proceed with its counterclaim for liquidated damages under § 2415(f). The court reasoned that, because the contractor "raised the subject matter of the contract in its claim, [the government] is entitled to assert a counterclaim arising out of those same contracts." Simmonds v. United States, 546 F.2d 886, 892 (Ct. Cl. 1976). Indeed, one court has even held that a government counterclaim arose out of the same transaction or occurrence when it arose out of a different contract than the contract that served as the basis for plaintiff's claim. The court reasoned that, even though two different contracts were involved, the claims were logically related because the two contracts

Defendant's Motion for Summary Judgment    CV-07-5760 WHA    Page 8

"involved the same ships, they were executed on the same day and they incorporated each other by reference." Sea-Land Serv., Inc., 493 F.2d at 1371.

The United States's counterclaim here is plainly rooted in the exact same contract as the Plaintiff's claim. It springs from the same Credit Agreement and the same debts. The right to transfer Plaintiff's account to the TOP so that offsets could be taken was expressly authorized by the Credit Agreement, and the United States's right to collect the outstanding debt along with finance charges and penalties also arises under the Credit Agreement. Because both Plaintiff's and the United States's claims involve an analysis of the amount he owes and the amount offset through TOP on his AAFES account, the facts necessary to prove both claims substantially overlap. Thus, the United States is not barred by the statute of limitations from asserting its counterclaim.

That the government is entitled to collect on its counterclaim is established by the undisputed facts. Plaintiff admits that AAFES' right to impose finance charges, penalties, and other charges in connection with the use of the AAFES credit card are governed by the terms of the Credit Agreement. (FAC ¶ 13.) He also admits that he used his AAFES credit card and incurred charges in the total amount of $1,857.97. (FAC ¶ 14.) Plaintiff further admits that he made no "voluntary" payment on his account – the only payments credited to his account were the TOP offsets. (FAC ¶ 15.) The current outstanding balance on Plaintiff's AAFES account, computed according to the terms of the Credit Agreement, is $1,925.22. (Coker-Stowe Decl. ¶ 5.) Thus, this Court should enter summary judgment in favor of the United States in the amount of $1,925.22 on its counterclaim.

## CONCLUSION

For the foregoing reasons, this Court should grant the United States's motion for summary judgment. Because the United States's right of setoff prevents Plaintiff from recovering any refund he would be owed, this Court should grant summary judgment for the United States on Plaintiff's First Amended Complaint. In addition, because the United States has

1 demonstrated its entitlement to the outstanding balance on Plaintiff's AAFES account, this Court should enter summary judgment in favor of the United States on its counterclaim in the amount of $1,925.22.

Dated: August 15, 2008

Respectfully submitted,

GREGORY G. KATSAS  
Assistant Attorney General  
MICHAEL F. HERTZ  
Deputy Assistant Attorney General  
J. CHRISTOPHER KOHN  
Director  
RUTH A. HARVEY  
Assistant Director

  /s/ Beth E. Cook  
BETH E. COOK  
(D.C. Bar No. 413828)  
Trial Attorney  
MICHAEL J. QUINN  
Trial Attorney  
Commercial Litigation Branch  
Civil Division  
P.O. Box 875  
Ben Franklin Station  
Washington, D.C. 20044-0875  
Telephone: (202) 616-2265  
Facsimile: (202) 514-9163

Attorneys for Defendant & Counterplaintiff

**[PROPOSED] ORDER**

Having reviewed the briefs, argument, and supporting documentation on Defendant's Motion for Summary Judgment, the Court grants summary judgment in favor of the United States on Plaintiff's First Amended Complaint because the United States's affirmative defense of setoff prohibits Plaintiff from obtaining any monetary recovery from the United States. The Court also grants summary judgment in favor of the United States on its counterclaim, and enters judgment for the United States in the amount of $1,925.22, plus post-judgment interest.

IT IS SO ORDERED.

Dated_____          _____
                                        HON. WILLIAM ALSUP
                                        United States District Judge