| | |
|---|---|
| Deepak Gupta (*pro hac vice*) | UNITED STATES DEPARTMENT OF JUSTICE |
| Brian Wolfman (*pro hac vice*) | Ruth A. Harvey |
| PUBLIC CITIZEN LITIGATION GROUP | Assistant Director |
| 1600 20th Street, N.W. | Michael J. Quinn (D.C. Bar No. 401376) |
| Washington, D.C. 20009 | Beth E. Cook (D.C. Bar No. 413828) |
| Tel. (202) 588-7739/Fax (202) 588-7795 | Trial Attorneys |
| dgupta@citizen.org; brian@citizen.org | Commercial Litigation Branch |
| | Civil Division |
| S. Chandler Visher (State Bar No. 52957) | P.O. Box 875 |
| LAW OFFICES OF S. CHANDLER VISHER | Ben Franklin Station |
| 44 Montgomery Street, Suite 3830 | Washington, D.C. 20044-0875 |
| San Francisco, California 94104 | Tel. (202) 616-2265/Fax (202) 514-9163 |
| Tel. (415) 901-0500/Fax (425) 901-0504 | beth.cook@usdoj.gov |
| chandler@visherlaw.com | |
| | Attorneys for Defendant |
| Marie Noel Appel (State Bar No. 187483) | |
| CONSUMER LAW OFFICE OF MARIE NOEL APPEL | |
| 44 Montgomery Street, Suite 3830 | |
| San Francisco, California 94104 | |
| Tel. (415) 901-0508/Fax (415) 901-0504 | |
| marie@consumerlaw.ws | |

Attorneys for Plaintiff Julius Briggs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JULIUS BRIGGS, on behalf of himself and all others similarly situated, | No. CV-07-5760 WHA |
| Plaintiff/Counterdefendant, | **STIPULATED PROTECTIVE ORDER** |
| vs. | |
| UNITED STATES OF AMERICA, | |
| Defendant/Counterplaintiff. | |

Stipulated Protective Order                    CV-07-5760 WHA

I.  PURPOSES AND LIMITATIONS

Discovery in this action may involve production of confidential, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The Parties further acknowledge, as set forth in section 10 below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a Party seeks permission from the Court to file material under seal.

2.  DEFINITIONS

2.1  Party: any party to this action, including all of the officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2  Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in responses to discovery in this matter.

2.3  "Confidential" Information or Items: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under Fed. R. Civ. P. 26(c), the Privacy Act, 5 U.S.C. § 552a, or as otherwise provided for by federal law.

2.4  "Highly Confidential – Attorneys' Eyes Only" Information or Items: extremely sensitive "Confidential Information or Items" whose disclosure to another Party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means.

2.5 <u>Receiving Party</u>: a Party that receives Discovery Material from a Producing Party.

2.6 <u>Producing Party</u>: a Party that produces Discovery Material in this action.

2.7 <u>Designating Party</u>: a Party or non-party that designates information or items that it produces in responses to discovery as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

2.8 <u>Protected Material</u>: any Discovery Material that is designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

2.9 <u>Outside Counsel</u>: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10 <u>Government Counsel</u>: attorneys who are employees of a federal agency or instrumentality.

2.11 <u>Counsel (without qualifier)</u>: Outside Counsel and Government Counsel (as well as their support staffs).

2.12 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party and who, at the time of retention, is not anticipated to become an employee of a Party. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

2.14 <u>Final Disposition</u>: the date of final termination of this action, which shall be the later of: (a) the expiration of any Consent Decree or settlement agreement in this action, (b) the expiration of any deadline for appeal from a final judgment in this action, or (c) the date of resolution of any such appeal.

3. <u>SCOPE</u>

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

4. <u>DURATION</u>

Even after the Final Disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5. <u>DESIGNATING PROTECTED MATERIAL</u>

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impost unnecessary expenses and burdens on other Parties), expose the Designating Party to sanctions.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order

1  (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered,
2  material that qualifies for protection under this Order must be clearly so designated before the
3  material is disclosed or produced.
4        Designation in conformity with this Order requires:
5        (a)    For information in documentary form (apart from transcripts of
6  depositions or other pretrial or trial proceedings), that the Producing Party affix the legend
7  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the top
8  of each page that contains protected material. If only a portion or portions of the material on a
9  page qualifies for protection, the Producing Party also must clearly identify the protected
10  portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each
11  portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY
12  CONFIDENTIAL – ATTORNEYS' EYES ONLY").
13        A Party or non-party that makes original documents or materials available for
14  inspection need not designate them for protection until after the inspecting Party has indicated
15  which material it would like copied and produced. During the inspection and before the
16  designation, all of the material made available for inspection shall be treated as "HIGHLY
17  CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the
18  documents it wants copied and produced, the Producing Party must determine which documents,
19  or portions thereof, qualify for protection under this Order, then, before producing the specified
20  documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or
21  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") at the top of each page that
22  contains Protected Material.
23        (b)    For testimony given in deposition or in other pretrial or trial proceedings,
24  that the Party or non-party offering or sponsoring the testimony identify on the record, before the
25  close of the deposition, hearing, or other proceeding, all protected testimony, and further specify
26  any portions of the testimony that qualify as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL
27
28

– ATTORNEYS' EYES ONLY." When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 20 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"). Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Stipulated Protective Order. Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony.

      (c)    For information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

    5.3    <u>Inadvertent Failures to Designate</u>.    If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" does not, standing alone, waive the Designating Party's right to secure protection under this order for such material. If material is appropriately designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" after the material was initially produced, the Receiving Party, on timely notification of the designation

(i.e., within five days of knowledge of the error by the Designating Party) and after receipt of properly designated materials replacing those not properly designated, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

  6.1 <u>Timing of Challenges</u>.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive that Party's right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

  6.2 <u>Meet and Confer</u>.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

  6.3 <u>Judicial Intervention</u>.  A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.  The burden of persuasion in any such

challenge proceeding shall be on the Designating Party. Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

    7.1    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. On Final Disposition of this litigation, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

    7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

    (a)    the Receiving Party's Counsel of record in this action, as well as employees or contractors of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

    (b)    the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

    (c)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

    (d)    the Court and its personnel;

    (e)    court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by

Protective Order" (Exhibit A);

  (f) Plaintiffs and putative class members to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

  (g) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

  (h) the author of the document or the original source of the information.

  7.3 <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

  (a) the Receiving Party's Counsel of record in this action, as well as employees of said counsel to whom it is reasonably necessary to disclose the information for this litigation;

  (b) the Receiving Party and its employees to whom disclosure is reasonably necessary for the purposes of this litigation;

  (c) Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation and (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

  (d) the Court and its personnel;

  (e) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); and

(f) the author of the document or the original source of the information.

8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.

(a) If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax or e-mail, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

(b) The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

(c) The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and

Agreement to Be Bound" that is attached hereto as Exhibit A.

10. <u>FILING PROTECTED MATERIAL</u>

Without permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

11. <u>FINAL DISPOSITION</u>

(a) Unless otherwise ordered or agreed in writing by the Producing Party, within one hundred and eighty (180) days after the Final Termination of this action, each Receiving Party must destroy or return to the Producing Party all Protected Material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 180-day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not, other than as authorized below in the subsequent paragraph, retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.

(b) Notwithstanding the provisions in the immediately preceding paragraph, Counsel are entitled (i) to retain an archival copy of all documents and things produced in discovery, pleadings, motion papers, transcripts, legal memoranda or correspondence, even if such materials contain Protected Material, and (ii) to retain or destroy, as it chooses, any work product, even if it contains Protected Material. Any such retained material that contains or constitutes Protected Material remains subject to this Protective Order as set forth in section 4 (DURATION), above.

12. <u>AUTHORIZATION OF DISCLOSURE</u>

This Stipulated Protective Order serves as a court Order authorizing disclosure of

materials protected by the Privacy Act in accordance with 5 U.S.C. § 552a(b)(11). Neither the United States Department of Justice or the Army and Air Force Exchange Service, nor any of its employees, shall bear any responsibility or liability for any unauthorized disclosure by Receiving Party of any documents obtained by plaintiff's counsel under this Order, or of any information contained in such documents.

13.  MISCELLANEOUS

    13.1  Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

    13.2  Right to Assert Other Objections.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  This Order does not constitute any ruling on the question of whether any particular document or category of information is properly discoverable and does not constitute any ruling on any potential objection to the discoverability, relevance, or admissibility of any record.  No Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: September 8, 2008        S. CHANDLER VISHER
                                            LAW OFFICES OF S. CHANDLER VISHER

                                            MARIE NOEL APPEL
                                            CONSUMER LAW OFFICE OF MARIE NOEL APPEL

                                            DEEPAK GUPTA
                                            BRIAN WOLFMAN
                                            PUBLIC CITIZEN LITIGATION GROUP

                                            By:____/s/ S. Chandler Visher_____
                                                   S. Chandler Visher
                                            Attorneys for Plaintiff & Counterdefendant

Dated: September 9, 2008        GREGORY G. KATSAS
                                            ASSISTANT ATTORNEY GENERAL

```
                                        MICHAEL F. HERTZ
                                        DEPUTY ASSISTANT ATTORNEY GENERAL

                                        J. CHRISTOPHER KOHN
                                        DIRECTOR

                                        RUTH A. HARVEY
                                        ASSISTANT DIRECTOR

                                        MICHAEL J. QUINN
                                        BETH E. COOK
                                        TRIAL ATTORNEYS


                                  By:     /s/ Beth E. Cook
                                          Beth E. Cook
                                          Attorneys for Defendant & Counterplaintiff
```

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: _____        _____
                                             Hon. William Alsup
                                             United States District Judge

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____ in the case of <u>Briggs v. United States</u>, No. CV-07-5760 WHA. I agree to comply with and to be bound by all the terms or this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed Name: _____
                [printed name]

Signature: _____
             [signature]