IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIUS BRIGGS, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant.<br>_____ / | No. C 07-05760 WHA<br><br>**ORDER DENYING MOTION FOR LEAVE TO INTERVENE AND TO AMEND COMPLAINT; ORDER VACATING HEARING** |

Plaintiff Julius Briggs was issued a credit card by the government's Army and Air Force Exchange Service, and plaintiff's credit-card debt thereafter became delinquent. Plaintiff filed this class action against the United States in November 2007 asserting two claims: (1) that the government illegally withheld tax refunds or other benefits to satisfy plaintiff's debts, in violation of a statutory ten-year limitation on such administrative offsets; and (2) that certain finance charges and penalties were improperly assessed on plaintiff's debts. Following amendment of the complaint and assertion of counterclaims by the government, an April 2008 order (among other rulings) dismissed claim two as moot because the disputed charges had been reversed.

Now, over a year later, counsel seeks to revive the dismissed claim two. He requests leave to amend the complaint and to allow a new plaintiff, Taylor Russell, to intervene in the case as a "substitute named plaintiff and class representative" for the claims that were dismissed as moot as to Briggs. For the following reasons, the motion is **DENIED**. The hearing scheduled for June 4, 2009, is hereby **VACATED**.

**United States District Court**
For the Northern District of California

\*            \*            \*

The factual circumstances of this case have been set forth in previous orders (Dkt. Nos. 34, 47, 61, 91). Under Rule 15(a), leave to amend a complaint shall be freely given when justice so requires, but Rule 15(a) does not apply when a district court has established a deadline for amended pleadings under Rule 16(b). Once the district court has entered a scheduling order, subsequent amendments are not allowed without leave of the Court, and any such modification must be based on a showing of good cause. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000).

A case management scheduling order dated February 21, 2008, stated that any request for leave to add new parties had to be sought by February 28, 2008. The standards of Rule 16(b) rather than 15(a) therefor apply. The inquiry under Rule 16(b)'s good-cause standard focuses on the diligence of the party seeking the amendment and prejudice to other parties in the litigation. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).[1]

In this instance, the new proposed plaintiff has not been diligent in seeking amendment, and prejudice would arise from the sought-after amendment and joinder or intervention. Nor has plaintiff's counsel been diligent. This action was filed in November 2007. The deadline to request leave to amend the complaint or to add new parties passed approximately fourteen months ago. Claim two was dismissed as moot more than twelve months ago. The case has since moved forward and is now at an advanced stage. In August 2008, the United States moved for summary judgment both on plaintiff's sole remaining claim and on the government's counterclaim to recover the amount due on plaintiff's debt. An October 2008 order denied both motions. In December 2008, Briggs moved for class certification. A January 2009 order granted the motion and certified a class for claim one (the sole remaining claim). Thereafter,

---

[1] Plaintiff brought this motion under Rule 24(b), which governs permissive intervention, on behalf of Mr. Russell as well as himself. The government contends that the motion should instead have been brought under Rule 20(a), which governs permissive joinder of parties. Either way, both sides agree, the court must consider factors including the stage in the proceedings, the diligence of the moving party and any delay in requesting amendment, and any prejudice that may result to other parties in the litigation. *See, e.g.*, *Desert Empire Bank v. Insurance Co. of North America*, 623 F.2d 1371 (9th Cir. 1980); *League of United Latin American Citizens v. Wilson*, 131 F.3d 1297, 1302–03 (9th Cir. 1997); *Ahmadi v. Chertoff*, 2008 WL 1886001 (N.D. Cal. 2008).

2

both sides filed motions for summary judgment, and an order dated April 30, 2009, granted in part and denied in part both motions. The discovery cutoff and the deadline to file dispositive motions both passed months ago.[2]

Plaintiff has had ample opportunity to request leave to revive claim two over the year since the claim was dismissed as moot, and others have had ample opportunity to intervene. Instead, plaintiff has litigated the case to an advanced stage under claim one alone. Amendment and joinder at this stage would require that the discovery period be re-opened, that class certification be re-litigated as to the new claims, and (in all likelihood) that further dispositive motions be filed and decided. These proceedings would likely cause substantially greater delays to resolution of the rights of the class already certified for claim one.[3]

Plaintiff contends that he (and Mr. Russell) have been diligent and that the delay was due to the government's failure timely to produce information. The time line, according to plaintiff, was as follows. In March 2008, plaintiff requested from the government the names and addresses of persons other than plaintiff who had been charged the allegedly improper interest. Mr. Russell learned of the lawsuit and contacted plaintiff's counsel in June 2008, but plaintiff did not know at that time if Mr. Russell had a viable claim for improper interest and charges. In August 2008, plaintiff sent a request to defendant (specifically, the AAFES) for information concerning Mr. Russell's account. The government, however, did not produce the information until late-January 2009. In March 2009, plaintiff requested that the government stipulate to amendment of the complaint and the addition of a new plaintiff, but the government refused. Thereafter, plaintiff filed this motion.

Plaintiff, however, evidently took no affirmative steps to identify a new plaintiff with live claims in the year since claim two was dismissed other than a discovery request to the

---

[2] Defendant has filed a motion to de-certify the class. A hearing on the motion is scheduled for June 18, 2009.

[3] Granted, some delay has already been caused by an error in data produced by the government. Because corrected data may result in the identification of new class members, an amended class notice will be required. The parties have stipulated that amended class notice will be sent following a ruling on the pending motion to de-certify the class, which is scheduled to be heard on June 18. If plaintiff's instant motion were granted, however, the delay would likely be far longer.

3

1  government.  Plaintiff, moreover, failed to move to compel production of the information he
2  needed or otherwise timely to bring the matter to the Court's attention.  Instead, plaintiff
3  allowed the discovery deadline to close and litigated the case through class certification and two
4  rounds of summary-judgment motions based on claim one alone.  Plaintiff now seeks to halt the
5  proceedings so that each of these steps can be repeated for a second putative class.  This order
6  finds that such a delay is unwarranted.  Plaintiff's motion is **DENIED**.  The hearing on the
7  motion scheduled for June 4 is **VACATED**.

**IT IS SO ORDERED.**

Dated: June 1, 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE