IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JULIUS BRIGGS, on behalf of himself
and all others similarly situated,

    Plaintiff,

  v.

UNITED STATES OF AMERICA,

    Defendant.

No. C 07-05760 WHA

**ORDER DENYING MOTION
TO DECERTIFY CLASS**

      In this long-running class action, Julius Briggs sues the United States on behalf of himself and other soldiers and veterans similarly situated alleging unlawful debt-collection practices. A class has been certified, and liability on plaintiff's claim has been resolved in favor of plaintiff and the class. All that remains is the calculation of class damages. In this regard, the government has asserted its litigation setoff rights in an effort to avoid refunding the illegal administrative offsets to each class member and instead to apply the class recovery to each class member's debts *to* the government.

      The government has moved to decertify the class, arguing that the damages calculation will pose extensive individual issues. The Court provided a tentative plan for managing the damages phase and invited comment thereon. A hearing on the government's motion and the tentative plan was held June 25. At the hearing, the Court ruled as follows.

      The government's motion to decertify the class is **DENIED**. The issues surrounding damages and the government's litigation setoff claims are manageable. It is the government's

1  burden, however, to prove its setoff claims.  With this in mind, litigation of class damages will
2  proceed according to the following schedule.

3        By **SEPTEMBER 18, 2009**, the government must submit its proposed trial exhibits
4  including all data and evidence in support of its setoff claims.  At a minimum, this should
5  include, for each class member:  (1) the amount of the setoff asserted, by component thereof,
6  *i.e.*, the illegal administrative offsets and the processing fees associated with those offsets
7  (amounts which, both sides indicate, are undisputed); (2) the debts that, in the government's
8  view, each class member owes *to* the government, and the documentation in support thereof;
9  and (3) the portion of each class member's recovery that (the government asserts) will be
10 applied as a setoff and the portion that will be refunded to the class member, if any.  The
11 government need not attach all of the actual documentation and evidence in support of the
12 asserted debt totals for each class member but it should, at a minimum, identify the source of
13 the data and the nature of the evidence on which it relied, to provide a clear picture of how the
14 asserted debt totals were calculated and to support the reliability thereof.

15       Plaintiff's counsel will then be permitted limited discovery to test the government's
16 data.  Specifically, plaintiff will be permitted to test the government's data for a sample of
17 twelve class members.  The government must provide plaintiff access to *all* documentation and
18 evidence in support of its trial exhibits for those twelve class members, and plaintiff will be
19 permitted to take no more than two depositions.  Plaintiff's discovery must be completed by
20 **OCTOBER 9, 2009**.

21       A case management conference will be held **OCTOBER 29, 2009, AT 11:00 A.M.**, to
22 assess the extent of the evidentiary disputes regarding the government's setoff claim and to
23 finalize dates for class notice and trial.  By **OCTOBER 26, 2009**, the parties shall submit a joint
24 status report in which plaintiff shall identify any errors it alleges in the government's data and
25 the evidence in support thereof, and the government shall set forth its position.  Trial is
26 tentatively scheduled for **DECEMBER 7, 2009, AT 7:30 A.M**.  If more time proves to be needed to
27 finalize the government's list class debts and setoffs — including to fix any *modest* data errors
28 that may have been uncovered — and to circulate the government's list and provide adequate

notice to the class, a *short* continuance may be considered.  As stated at the hearing, however, if more than minimal errors are uncovered in the government's data such that its exhibits cannot be considered reliable, the government will *not* be provided a large delay for a complete "do-over."  The government must provide its best evidence the first time.  If it is unable to establish its setoff claim with reliable data, its setoff claim may be disallowed.

After the October 29 hearing, class members will be provided notice of the government's asserted debt and setoff totals and informed that, if any class member objects thereto, they should inform class counsel of their objection.  Any objections or disputes so raised will be adjudicated at trial.

**IT IS SO ORDERED.**

Dated: June 26, 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3