IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JULIUS BRIGGS, on behalf of himself
and all others similarly situated,

    Plaintiff,

  v.

UNITED STATES OF AMERICA,

    Defendant.
_____/

No. C 07-05760 WHA

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT**

This order **GRANTS** the parties' joint motion for preliminary approval of a proposed settlement in this long-running class action on behalf of soldiers and veterans alleging unlawful debt-collection practices. The settlement is a good one for the class. The only problems are that the parties have not justified the amount of attorney's fees requested by class counsel nor the requested incentive fee to lead plaintiff. A hearing on the parties' motion was held on January 29, 2010. Following the hearing, the parties submitted revised forms of notice to reflect that no determination has yet been made on the amount of attorney's fees nor incentive fees to be awarded. The revised notices advise class members that the Court welcomes their input and objections regarding the proposed amounts of attorney's and incentive fees as well as regarding other details of the proposed settlement. With these revisions, the proposed forms of class notice are **APPROVED**.

In support of their request for attorney's fees, class counsel must file and serve a detailed declaration, organized by discrete projects, breaking down all attorney and paralegal time sought

to be recovered. For each project, there must be a detailed description of the work, giving the date, hours expended, attorney name, and task for each work entry, in chronological order. A "project" means a deposition, a motion, a witness interview, and so forth. It does not mean generalized statements like "trial preparation" or "attended trial." It includes discrete items like "prepare supplemental trial brief on issue X." The following is an example of time collected by a project.

PROJECT: ABC DEPOSITION (2 DAYS IN FRESNO)

| Date | Time-keeper | Description | Hours x | Rate = | Fee |
|---|---|---|---|---|---|
| 01-08-01 | XYZ | Assemble and photocopy exhibits for use in deposition. | 2.0 | $100 | $200 |
| 01-09-01 | RST | Review evidence and prepare to examine ABC at deposition. | 4.5 | $200 | $900 |
| 01-10-01 | XYZ | Research issue of work-product privilege asserted by deponent. | 1.5 | $100 | $150 |
| 01-11-01 | RST | Prepare for and take deposition. | 8.5 | $200 | $1700 |
| 01-12-01 | RST | Prepare for and take deposition. | 7.0 | $200 | $1400 |
| | Project Total: | | 23.5 | | $4350 |

All entries for a given project must be presented chronologically one after the other, *i.e.*, uninterrupted by other projects, so that the timeline for each project can be readily grasped. Entries can be rounded to the nearest quarter-hour and should be net of write-down for inefficiency or other cause. Please show the sub-totals for hours and fees per project, as in the example above, and show grand totals for all projects combined at the end. Include only entries for which compensation is sought, *i.e.*, after application of "billing judgment." For each project, the declaration must further state, in percentage terms, the proportion of the project directed at issues for which fees are awardable and must justify the percentage. This percentage should then be applied against the project total to isolate the recoverable portion (a step not shown in the example above).

A separate summary chart of total time and fees sought per individual timekeeper (not broken down by project) should also be shown at the end of the declaration. This cross-tabulation will help illuminate all timekeepers' respective workloads and roles in the overall case.

The declaration must also include the following information in support of class counsel's contention that they have "specialized skills" that were "needful to the litigation." They must set forth (a) the qualifications, experience and role of each attorney or paralegal for whom fees are sought; (b) the normal rate ordinarily charged for each in the relevant time period; (c) how the rates were comparable to prevailing rates in the community for like-skilled professionals; and (d) proof that "billing judgment" was exercised. On the latter point, as before, the declaration should describe adjustments made to eliminate duplication, excess, associate-turnover expense, and so forth. These adjustments need not be itemized but totals for the amount deleted per timekeeper should be stated. The declaration must identify the records used to compile the entries and, specifically, state whether and the extent to which the records were contemporaneous versus retroactively prepared. It must state the extent to which any entries include estimates (and what any estimates were based on). Estimates and/or use of retroactively-made records may or may not be allowed, depending on the facts and circumstances.

Ordinarily, no more than one attorney and one paralegal need be present at a deposition; more will normally be deemed excessive. Ordinarily, no more than one attorney need attend a law-and-motion hearing; more will normally be deemed excessive. To allow for symmetry, however, the award will take into account the staffing used by the opposing party to the extent that it is supported by the declaration.

The renewed submission should also include as an exhibit the completed Updated Laffey Matrix upon which class counsel rely including detailed evidentiary support for class counsel's

claim that the pay differential between Washington, D.C. and the San Francisco Bay Area requires an increase in attorney's fees of 11.25% (Visher Decl. at 5).

**IT IS SO ORDERED.**

Dated: February 1, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE