LAW OFFICES OF S. CHANDLER VISHER
S. Chandler Visher (California State Bar No. 52957)
44 Montgomery Street, Suite 3830
San Francisco, California 94104
Telephone: (415) 901-0500; Facsimile: (415) 901-0504
chandler@visherlaw.com

CONSUMER LAW OFFICE OF MARIE NOEL APPEL
Marie Noel Appel (California State Bar No. 187483)
44 Montgomery Street, Suite 3830
San Francisco, California 94104
Telephone (415) 901-0508; Facsimile: (415) 901-0504
marie@consumerlaw.ws

PUBLIC CITIZEN LITIGATION GROUP
Deepak Gupta (pro hac vice)
Brian Wolfman (pro hac vice)
1600 20th Street, NW
Washington, DC 20009
Telephone: (202) 588-7739; Facsimile: (202) 588-7795
dgupta@citizen.org; wolfmanb@law.georgetown.edu

Attorneys for Plaintiff Julius Briggs

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| JULIUS BRIGGS, on behalf of himself and all others similarly situated,<br>                Plaintiff,<br>v.<br>UNITED STATES OF AMERICA,<br>                Defendant. | **No. CV – 07 – 5760 WHA**<br><br>**ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT AND NOTICE TO THE CLASS** |

The Court has received the Settlement Agreement entered among (i) Plaintiff Briggs, on behalf of himself and each Class member (hereinafter collectively "Plaintiff") and (ii) Defendant United States (hereinafter "Defendant"). The Court has reviewed the Settlement Agreement and its attached exhibits, and finding it fair, reasonable, and adequate on a preliminary basis, subject to final review as provided herein, ORDERS as follows:

1. For purposes of this Order, the Court adopts all defined terms set forth in the Settlement Agreement.

2. The form of Class notice attached as Exhibit 1 to the Settlement Agreement, as modified in the form attached hereto as Exhibit 1, shall be mailed to all members of the Class with a Net Offset of not more than $10,000 as listed on Exhibit 6 to the Settlement Agreement, no later than February 12, 2010. By the same date, the form of notice in Exhibit 3 of the Settlement Agreement, as amended in the form attached hereto as Exhibit 3, shall be mailed to persons listed on Exhibit 6 to the Settlement Agreement with a Net Offset of more than $10,000, and the form of notice in Exhibit 2 to the Settlement Agreement, also attached hereto as Exhibit 2, shall be mailed to persons who are not listed on Exhibit 6 but who had been sent the class notice previously ordered to be sent in this action. Only the persons in Exhibit 6 to the Settlement Agreement are members of the Class and only such persons may be bound by the Settlement Agreement and any Judgment herein. The Court finds that mailing of the forms of notice in Exhibit 1 and 3 hereto (collectively, Exhibits 1 and 3 are the "Class Notice"), by first class mail, with address updates as provided for in the Settlement Agreement, is the best practicable notice to the Class under the circumstances, gives adequate notice to the Class of the settlement, and complies with all requirements of due process and Rule 23 of the Federal Rules of Civil Procedure.

3. Rosenthal & Co. is appointed as the Class Administrator and shall perform the functions described in the Settlement Agreement for the Class Administrator under the supervision of Class Counsel.

4. The United States is ordered to fund the Briggs v. United States Class Fund ("Class Fund") by causing the Army and Air Force Exchange Service (AAFES) to deposit into a

settlement account established by the Class Administrator ("*Briggs v. United States* Settlement Class Account"), via funds transfer, the $80,000 agreed as the costs of administration to be paid by the United States, within ten business days of this Order, or as soon as practicable thereafter. The United States is ordered to provide the Class Administrator with the most current address it has available for each Class member. The United States is further ordered, upon execution of an appropriate confidentiality agreement, to provide to the Class Administrator the full Social Security number of each Class member. The Class Administrator shall update Class addresses using the National Change of Address database before mailing notice, and shall use the Accurint database to update addresses for persons whose Class Notice is returned.

5. Any Class member who receives the notice in the form as in Exhibit 1 hereto may, upon request, be excluded from the settlement. A Class member who decides to be excluded must send a letter so stating to the address of the Class Counsel, as set forth on the Class Notice, and include in the letter the Class member's printed name, signature, and the case name. The letter must be postmarked no later than March 31, 2010 and must be signed by the member(s) to whom the Notice was addressed. All Class members who timely submit properly completed requests for exclusion in the manner set forth in this paragraph shall have no rights under the Settlement Agreement, shall not share in the benefits of the Settlement Agreement, and shall not be bound by the Settlement Agreement or the Judgment. At least five (5) days before the Final Approval Hearing, Class Counsel and Defendant's Counsel shall exchange copies of any and all requests for exclusion received.

6. Class members with claims over $10,000, who receive the form of notice as in Exhibit 3 to the Settlement Agreement, shall only be included as Class members for purpose of the Settlement Agreement if they sign and return the Waiver form included with that notice postmarked on or before March 31, 2010.

7. Any Class member who objects to the proposed settlement set forth in the Settlement Agreement shall have a right to appear and be heard at the Final Approval Hearing. Any

1. Class member who wishes to object by mail to all or any part of the proposed settlement must serve written objections on Class Counsel postmarked no later than March 31, 2010 and file such objection with the clerk of the court.

8. The Fee Application by Class Counsel shall be filed, in the form subject to further order of the Court, by March 3, 2010. The Final Approval Hearing will be held on April 15, 2010, at noon, to determine whether the proposed settlement of the Action, as set forth in the Settlement Agreement, should be approved as fair, reasonable, and adequate to the Class, whether the Fee Application should be approved, and whether the Judgment approving the settlement should be entered. The Court may adjourn or continue the Final Approval Hearing without further notice to Class.

9. Pending determination of final approval of the settlement, Class members who do not request exclusion are enjoined from bringing or asserting any claim or action that was or could have been asserted in the Action and arising out of the Released Claims.

10. The Court may, for good cause, extend any of the deadlines set forth in this order without further notice to the Class.

Dated: February 1, 2010.



_____
Judge, United States District Court

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

[Name & address of Class Member & sequence no]

Refund Amount before Attorney Fees: $ [Net Offset]

# You Are Entitled to a Refund of Debt Offsets by the Army & Air Force Exchange Service (AAFES).

*The Federal Court authorized this notice. This is not a solicitation from a lawyer.*

- A class action lawsuit filed on behalf of people who were subjected to offset of their tax refunds and other federal payments to pay debt to the Army & Air Force Exchange Service (AAFES) that was more than 10 years old has been settled, subject to final court approval.

- Unless you exclude yourself from the lawsuit, you will be entitled to a refund of the total amount offset more than 10 years after the AAFES debt became delinquent. The amount of your Offset was $[Net Offset]. Court-awarded attorney fees will be deducted from this amount. The Court has not yet determined the amount of the fees. Class Counsel will request that you **pay about 20% of the Offset in attorney fees and receive a check, if the settlement is approved, for about 80% of the Offset**. The Court invites your input or objection as to the appropriate amount of attorney fees.

- This notice summarizes the lawsuit, your rights, and additional information you need to know. At this point, you have several options:

| YOUR LEGAL RIGHTS AND OPTIONS | |
|---|---|
| **DO NOTHING.** | **Stay in this Lawsuit. Receive payment of at least the Offset amount less attorney fees.** <br> By doing nothing, you will receive payment at the address to which this notice was sent if the court grants final approval. But you give up the right to bring a lawsuit on your own. |
| **ASK TO BE EXCLUDED.** | **Get Out of this Lawsuit. Get No Refunds.** <br> If you ask to be excluded, you will keep your right to sue the government on your own. But you will NOT receive the payment described above. |
| **Object** | **Tell the Court why you don't like the settlement.** |
| **Go to A Hearing** | **Ask to speak in Court about the fairness of the settlement.** |

- These rights and options – **and the deadlines to exercise them –** are explained in this notice.

Exhibit 1 to Preliminary Approval Order

- The Court in charge of this case still has to decide whether to approve the settlement. Payments will be made if the Court approves the settlement and appeals, if any, are resolved. Please be patient.

## Why Did I Get This Notice?

The Court has allowed a class action lawsuit on behalf of people whose tax refunds or other government payments were offset to pay debt owed to the Army and Air Force Exchange Service (AAFES) that was more than 10 years old. You have been sent this notice because it has been determined that you are a member of the Class. AAFES's records show that the amount offset from you, less any amount previously refunded, for debt more than 10 years old was **$[Net Offset].**

The lawsuit, known as *Briggs v. United States*, No. CV-07-5760, is now before the United States District Court for the Northern District of California. The Court authorized this notice. The purpose of this notice is to provide you with information about the lawsuit to help you decide whether to participate. Your participation in this lawsuit is voluntary.

## What Is A Class Action and Who Is Involved?

In a class action lawsuit, one or more people called Class Representatives (in this case, Julius Briggs) sue on behalf of other people who have similar claims. The people together are called a "Class" or "Class Members." The people who sued—and all the Class Members like them—are called the Plaintiffs. The person they sue (in this case, the government of the United States) is called the Defendant. One court resolves the issues for everyone in the Class—except for people who exclude themselves from the Class.

## What Is This Lawsuit About?

This lawsuit is brought on behalf of a Class of people whose tax refunds or other federal payments were offset by the Army and Air Force Exchange Service (AAFES) to collect debts arising from uniform or merchandise purchases. The lawsuit claims that some offsets occurred more than 10 years after the debt became outstanding and that the offsets made after that time violated the law that was then in effect. (Congress repealed the 10-year limit in 2008.) The lawsuit seeks a court order refunding the offsets to the Class Members.

## Why is there a settlement?

The Court determined that offsets taken from you more than 10 years after the debt became due were not legal and must be refunded, but that the government could prove it is entitled to keep the money taken because you actually owed the debt for which the offset was taken. The government has now abandoned its effort to prove that the amount offset was

Exhibit 1 to Preliminary Approval Order

actually due and has agreed to refund the amount taken.

## Will the refund amount be added to my AAFES debt?

No. The United States has agreed that even though it is refunding you the amount offset, your debt will stay the same as it was after the offset was first taken. This means that the amount of the debt owed to the United States will not be affected by this refund. However, any amount that you still owed on AAFES debt even after the offsets listed above were credited to your account may still be due and possibly subject to future collection. For example, if you still owed AAFES $1,000 after the offsets listed above were deducted from your debt, you may still owe AAFES the $1,000 even after you receive the refund in this case, but you will not have the $1,000 increased by the amount of the refund.

## What does the settlement provide?

The settlement provides that you will be paid the amount that was offset from you, as listed above, less attorney fees. Further, the amount of your AAFES debt that remained after the offset will stay the same; the amount refunded to you will not be added back to the amount, if any, you may owe AAFES. The settlement also provides for a payment to the named class plaintiff, Julius Briggs, of $5,000, in addition to what he would get for being a member of the class. This payment is intended, in part, to compensate Mr. Briggs for the time and trouble of representing the class, having his deposition taken, and assisting Class Counsel with the prosecution of the case.

## Who Is a Member of the Class?

The Court's Class Certification Order defines the Class as including all people who purchased merchandise or uniforms from AAFES and from whom the government offset tax refunds or other federal payments to collect debt after November 13, 2001, where (1) the debt became delinquent more than 10 years before the offset, and (2) the amount of net offset payments was $10,000 or less, or who are willing to waive their claim with respect to offsets that would bring their refund claim above $10,000. (Note: This is a summary of the Class definition as approved by the Court. For the exact definition, please contact Class Counsel.)

## What Do I Need To Do To Stay In The Class?

If you want to be included as a class member and be paid the refund described above, **you don't have to do anything**. You will automatically remain a Class member unless you request exclusion discussed below. As a member of the Class, you will be bound by the Court's rulings.

Exhibit 1 to Preliminary Approval Order

If you remain in the Class, you do not need to hire a lawyer. The Class Counsel listed at the end of the notice will represent you. You have the right to hire your own lawyer at your own expense, but you do not need to do so. You may also seek to intervene individually and may advise the Court if at any time you consider that you are not being fairly represented by the Plaintiff and his lawyer.

You should notify the lawyer at the address and phone number listed at the end of this notice if you have any correction or change in your name or address.

## What Do I Need To Do If I Want To Be Excluded?

If you wish, you can exclude yourself from the Class. This process is also known as "opting out." To be excluded, you must sign a letter written to Class Counsel at the address listed below stating the name of this case and that you do not wish to receive the refund provided for in the settlement, and including your printed name as on this notice and the address to which the notice was sent, together with your correct address if the notice was sent to the wrong address. The letter must be postmarked no later than March 31, 2010.

## What Happens If I Exclude Myself From The Class?

If you exclude yourself from the Class, you will lose the right to the Net Refund provided by the settlement. You will also not be able to participate in hearings or object to the terms of any settlement. If you exclude yourself, you will have the right to bring an individual lawsuit, if you bring it within the time allowed by law. If you do not exclude yourself by March 31, 2010, you will remain a member of the Class, and you will be bound by any judgment of the Court. If the settlement is approved by the Court, you will be sent a payment based on your offset amount less approved attorney fees.

## If I Stay In The Class, Will I Have to Pay Any Legal Fees?

If you stay in the Class, the Class Counsel will represent you. You will **not** be required to pay any legal fees or costs out of your pocket. The Court may award attorney fees and costs to Class counsel if the Class prevails in this action, and the Court may allow fees to be paid from your recovery in this action. Class counsel will ask the Court to award a total of $2 million in attorney fees from the total amount of offset refunds of $7.4 million. AAFES has agreed to reimburse the Class for up to $500,000 of the attorney fees. This means that, after fees are deducted, if the settlement is approved, you will receive a check for approximately [.7974*Net Offset], which is nearly 80% of your Offset as listed above.

## How do I tell the Court I don't like the settlement?

Exhibit 1 to Preliminary Approval Order

If you're a Class Member, you can object to the settlement if there is any part of it you don't like, including the attorney fees. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object, you should send a letter saying that you object to *Briggs v. United States* No. CV-07-5760 WHA. Be sure to include your name, address, telephone number, your signature, and the reasons you object to the settlement. Mail the objection to these three different places postmarked no later than **March 31, 2010**:

| COURT | CLASS COUNSEL | DEFENSE COUNSEL |
|---|---|---|
| Clerk of the Court United States District Court for the Northern District | S. Chandler Visher | Michael Quinn |
| | 44 Montgomery St. #3830 | U.S. Dept. of Justice |
| District of California | | P.O. Box 875 |
| 450 Golden Gate Ave. | | Ben Franklin Station |
| San Francisco, CA 94102 | San Francisco, CA 94104 | Washington, D.C. 20044-0875 |

Objecting is simply telling the Court that you don't like something about the settlement. You can object only if you stay in the Class. Even if you do not object in writing, you can also appear in person, at your own expense, and be heard on an objection at the Fairness Hearing described in the next paragraph. Excluding yourself is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you. The hearing date and location are stated in the next paragraph.

## When and where will the Court decide whether to approve the settlement?

The Court will hold a Fairness Hearing atnoon on April 15, 2010, at the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California in Courtroom 9, 19th Floor. At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court will also listen to people who have asked to speak at the hearing. The Court may also decide how much to pay Class Counsel. After the hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will take. You are not required to attend this hearing, but may attend at your own expense.

## How Do I Get More Information About This Lawsuit?

This Notice provides only a summary of the litigation. You may discuss this with your own lawyer or, for more detailed information, you may examine the court's file regarding this

Exhibit 1 to Preliminary Approval Order

matter from the hours of 9:00 a.m. to 1:00 p.m. at the Office of the Clerk, United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102

The court file can also be obtained online or through a copy service. For more information on these options, see "Getting Docket Info" under the heading "Court Information" at http://www.cand.uscourts.gov. PLEASE DO NOT CALL OR WRITE TO THE CLERK OF THE COURT. ALL INQUIRIES SHOULD BE DIRECTED TO CLASS COUNSEL LISTED IN THE NEXT SECTION OF THIS NOTICE.

## How Do I Contact Class Counsel If I Have Questions?

If you have questions concerning this Notice, you may contact Class Counsel listed below by mail, telephone, or e-mail:

S. Chandler Visher, attorney
Law Offices of S. Chandler Visher
44 Montgomery Street, Suite 3830
San Francisco, California 94104
chandler@visherlaw.com
Telephone: (415) 901-0500 / Facsimile: (415) 901-0504

Exhibit 1 to Preliminary Approval Order

# Law Offices of S. Chandler Visher

44 Montgomery Street, Suite 3830
San Francisco, California 94104

Telephone: (415) 901-0500
Facsimile: (415) 901-0504

December 3, 2009

[class member name
Class member address
Control no.]

Re: *Briggs v. United States,* case no. CV-07-5760 WHA

Dear [first name last name]:

     Earlier this year, I sent you a notice advising you that you were a member of a class certified in this case. Since that time, the Army and Air Force Exchange Service (AAFES) has conducted an audit of its records to confirm class membership. To be a member of the class in this case, you must have had an AAFES debt that was collected, through offset of your tax refunds or other governmental payments, more than 10 years after the debt became delinquent.

     Based upon further review, AAFES' records indicate that although you may have had an offset taken to satisfy a debt owed to AAFES, the offsets taken on your account did not exceed the 10-year limitation that was then in effect. I regret to inform you that, although you were misidentified by AAFES as a class member and received a class notice, you are not actually a member of the class and not subject to the judgment in this action. Please disregard the notice you received.

     If you have evidence that an offset made against you was in fact for a debt to AAFES that had been delinquent for more than 10 years, please contact me. I apologize for any expectations the notice may have raised.

Very truly yours,


S. Chandler Visher
Class Counsel

Exhibit 2 to Preliminary Approval Order

[Name & address of Class Member & sequence no]

Refund Amount before Attorney Fees: $10,000

# You Are Entitled to a Refund of Debt Offsets by the Army & Air Force Exchange Service (AAFES).

*The Federal Court authorized this notice. This is not a solicitation from a lawyer.*

- A class action lawsuit filed on behalf of people who were subjected to offset of their tax refunds and other federal payments to pay debt to the Army & Air Force Exchange Service (AAFES) that was more than 10 years old has been settled, subject to final court approval.

- **You must mail in the attached "Request to Participate and Waiver of Claim Over $10,000" form before March 31, 2010 if you want to join this lawsuit.** If you join the lawsuit, your refund will be mailed to you at this address. If you have moved or plan to have a new address and wish to receive that money, you should list your new address on the attached form.

- **If you do not respond and submit a completed waiver by the deadline, you cannot participate in this lawsuit and will not receive any refund from this settlement.**

- If you send in the attached Waiver, your total refund will be $10,000. Court-awarded attorneys' fees will be deducted from this amount. . The Court has not yet determined the amount of the fees. Class Counsel will request that you **pay about 20% of the $10,000 refund in attorney fees and receive a check, if the settlement is approved, for the other 80%.** The Court invites your input or objection as to the appropriate amount of attorney fees.

- This notice summarizes the lawsuit, your rights, and additional information you need to know. At this point, you have several options:

| YOUR LEGAL RIGHTS AND OPTIONS | |
|---|---|
| **JOIN THE LAWSUIT BY MAILING IN THE ATTACHED FORM.** | Receive a refund of $7,974.32 after fees. Waive Any Claim Above $10,000.<br>If you mail in a form by March 31, 2010, you will receive money if the court grants final approval of the settlement. But you will waive your right to seek more than $10,000 or bring your own |

Exhibit 3 to Preliminary Approval Order

|               | lawsuit.                                                                                                   |
|---------------|------------------------------------------------------------------------------------------------------------|
|               |                                                                                                            |
| DO NOTHING.   | Do **NOT** receive the refund from this Settlement but keep the Right to Sue on Your Own.                  |
|               |                                                                                                            |
| Object        | Write to the Court about why you don't like the settlement. You must also submit the waiver to object.     |
| Go to A Hearing | Ask to speak in Court about the fairness of the settlement.                                              |

- These rights and options – **and the deadlines to exercise them –** are explained in this notice.
- The Court in charge of this case still has to decide whether to approve the settlement. Payments will be made if the Court approves the settlement and appeals, if any, are resolved. Please be patient.

## Why Did I Get This Notice?

The Court has allowed a class action lawsuit on behalf of people whose tax refunds or other government payments were offset to pay debt owed to the Army and Air Force Exchange Service (AAFES) that was more than 10 years old. You have been sent this notice because it has been determined that you are a member of the Class. AAFES's records show that the amount offset from you, less any amount previously refunded, for debt more than 10 years old was **$[net offset]. However, the court only has authority to award money for claims not exceeding $10,000.**

The lawsuit, known as *Briggs v. United States*, No. CV-07-5760, is now before the United States District Court for the Northern District of California. The Court authorized this notice. The purpose of this notice is to provide you with information about the lawsuit to help you decide whether to participate. Your participation in this lawsuit is voluntary.

## What Is A Class Action and Who Is Involved?

In a class action lawsuit, one or more people called Class Representatives (in this case, Julius Briggs) sue on behalf of other people who have similar claims. The people together are called a "Class" or "Class Members." The people who sued—and all the Class Members like them—are called the Plaintiffs. The person they sue (in this case, the government of the United States) is called the Defendant. One court resolves the issues for everyone in the Class—except for people who exclude themselves from the Class.

## What Is This Lawsuit About?

This lawsuit is brought on behalf of a Class of people whose tax refunds or other federal payments were offset by the Army and Air Force Exchange Service (AAFES) to collect debts arising from uniform or merchandise purchases. The lawsuit claims that some offsets occurred

Exhibit 3 to Preliminary Approval Order

more than 10 years after the debt became outstanding and that the offsets made after that time violated the law that was then in effect. (Congress repealed the 10-year limit in 2008.) The lawsuit seeks a court order refunding the offsets to the Class Members.

## Why is there a settlement?

The Court determined that offsets taken from you more than 10 years after the debt became due were not legal and must be refunded, but that the government could prove it is entitled to keep the money taken because you actually owed the debt for which the offset was taken. The government has now abandoned its effort to prove that the amount offset was actually due and has agreed to refund the amount taken.

## Will the refund amount be added to my AAFES debt ?

No. The United States has agreed that even though it is refunding you $10,000 of the amount offset, your debt will stay the same as it was after the offset was first taken. This means that the amount of the debt owed to the United States will not be affected by this refund. However, any amount that you still owed on AAFES debt even after the offsets listed above were credited to your account may still be due and possibly subject to future collection. For example, if you still owed AAFES $1,000 after the offsets listed above were deducted from your debt, you may still owe AAFES the $1,000 even after you receive the refund in this case, but you will not have the $1,000 increased by the amount of the refund.

## What does the settlement provide?

The settlement provides that you will be paid $10,000 of the amount that was offset from you, as listed above, less attorney fees. Further, the amount of your AAFES debt that remained after the offset will stay the same; the amount refunded to you will not be added back to the amount, if any, you may owe AAFES. The settlement also provides for a payment to the named class plaintiff, Julius Briggs, of $5,000, in addition to what he would get for being a member of the class. This payment is intended, in part, to compensate Mr. Briggs for the time and trouble of representing the class, having his deposition taken, and assisting Class Counsel with the prosecution of the case.

## Who Is a Member of the Class?

The Court's Class Certification Order defines the Class as including all people who purchased merchandise or uniforms from AAFES and from whom the government offset tax refunds or other federal payments to collect debt after November 13, 2001, where (1) the debt

Exhibit 3 to Preliminary Approval Order

became delinquent more than 10 years before the offset, and (2) the amount of net offset payments was $10,000 or less, or who are willing to waive their claim with respect to offsets that would bring their refund claim above $10,000. You have been identified of one of the class members whose refund claim is above $10,000, and so you must waive the amount of your claim that is more than $10,000 to obtain a refund under the settlement. (Note: This is a summary of the Class definition as approved by the Court. For the exact definition, please contact Class Counsel.)

## What Is the Maximum Claim In This Lawsuit?

The maximum claim in this lawsuit is $10,000. The Court's authority to award money in this case to any individual Class Member is limited to a maximum of $10,000. A claim exceeding $10,000 must be brought in the Court of Federal Claims located in Washington, D.C. If you choose to be a Class Member, you must be willing to forgo a claim to recover any dollar amount above $10,000. If you decide to participate in this class action, you must waive your right to recover more than $10,000.

If you do not file the attached form by the deadline, you will be excluded from the class and will not receive any money in this action, even for the first $10,000 of your claim. But you would remain free to file your own lawsuit in the Court of Federal Claims.

If you have any questions concerning the $10,000 limit on an award in this class action, you should contact the lawyer for the Class listed at the end of this notice.

## What If I Want To Waive That Part Of My Claim Over $10,000?

If you wish to participate as a member of the Class, you MUST SEND IN THE ATTACHED FORM. If you mail in the form by the deadline, you will be a member of the Class. As a member of the Class, you will be bound by the Court's rulings.

If you join the Class, you do not need to hire a lawyer. The Class Counsel listed at the end of the notice will represent you. You have the right to hire your own lawyer at your own expense, but you do not need to do so. You may also seek to intervene individually and may advise the Court if at any time you consider that you are not being fairly represented by the Plaintiff and his lawyer.

You should notify the lawyer at the address and phone number listed at the end of this notice if you have any correction or change in your name or address.

YOU MUST MAIL THE FORM SO THAT IT IS POSTMARKED NO LATER THAN March 31, 2010.

## If I Stay In The Class, Will I Have to Pay Any Legal Fees?

If you stay in the Class, the Class Counsel will represent you. You will **not** be required to pay any legal fees or costs out of your pocket. The Court may award attorney fees and costs to Class counsel if the Class prevails in this action, and the Court may allow fees to be paid from

Exhibit 3 to Preliminary Approval Order

your recovery in this action. Class counsel will ask the Court to award a total of $2 million in attorney fees from the total amount of offset refunds of $7.4 million.  AAFES has agreed to reimburse the Class for up to $500,000 of the attorney fees.  Under the terms of the settlement you will pay $2,025.67 in attorney fees and **receive a check, if the settlement is approved, for $7,974.32**.

## How do I tell the Court I don't like the settlement?

If you're a Class Member, you can object to the settlement if there is any part of it you don't like, including the attorney fees. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object, you should send a letter saying that you object to *Briggs v. United States* No. CV-07-5760 WHA. Be sure to include your name, address, telephone number, your signature, and the reasons you object to the settlement. Mail the objection to these three different places postmarked no later than **March 31, 2010**:

| COURT | CLASS COUNSEL | DEFENSE COUNSEL |
|---|---|---|
| Clerk of the Court United States District Court for the Northern District | S. Chandler Visher | Michael Quinn |
|  | 44 Montgomery St. #3830 | U.S. Dept. of Justice |
| District of California | | P.O. Box 875 |
| 450 Golden Gate Ave. | | Ben Franklin Station |
| | | Washington, D.C. 20044-0875 |
| San Francisco, CA 94102 | San Francisco, CA 94104 | |

Objecting is simply telling the Court that you don't like something about the settlement. You can object only if you complete and return the Waiver form so you can stay in the Class.  Even if you do not object in writing, you can also appear in person, at your own expense, and be heard on an objection at the Fairness Hearing described in the next paragraph. The hearing date and location are stated in the next paragraph.

You can also appear in person, at your own expense, and be heard on an objection, if you choose to remain in the case and file the waiver on time.  The hearing date and location appear in the next paragraph.

## When and where will the Court decide whether to approve the settlement?

The Court will hold a Fairness Hearing at noon on April 15, 2010, at the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California in Courtroom 9, 19th Floor.  At this hearing, the Court will consider whether the

Exhibit 3 to Preliminary Approval Order

settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court will also listen to people who have asked to speak at the hearing. The Court may also decide how much to pay Class Counsel. After the hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will take. You are not required to attend this hearing, but may attend at your own expense.

## How Do I Get More Information About This Lawsuit?

This Notice provides only a summary of the litigation. You may discuss this with your own lawyer or, for more detailed information, you may examine the court's file regarding this matter from the hours of 9:00 a.m. to 1:00 p.m. at the Office of the Clerk, United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102

The court file can also be obtained online or through a copy service. For more information on these options, see "Getting Docket Info" under the heading "Court Information" at http://www.cand.uscourts.gov. PLEASE DO NOT CALL OR WRITE TO THE CLERK OF THE COURT. ALL INQUIRIES SHOULD BE DIRECTED TO CLASS COUNSEL LISTED IN THE NEXT SECTION OF THIS NOTICE.

## How Do I Contact Class Counsel If I Have Questions?

If you have questions concerning this Notice, you may contact Class Counsel listed below by mail, telephone, or e-mail:

S. Chandler Visher, attorney
Law Offices of S. Chandler Visher
44 Montgomery Street, Suite 3830
San Francisco, California 94104
chandler@visherlaw.com
Telephone: (415) 901-0500 / Facsimile: (415) 901-0504

Exhibit 3 to Preliminary Approval Order

# REQUEST TO PARTICIPATE AND WAIVER OF CLAIM OVER $10,000

**From:** [Name & address of Class Member & sequence no]

**Please strike out and correct your address as necessary.**

*Read the enclosed notice carefully before deciding whether to fill out this form.*

**To the Court:**

I have read the class action notice in the case of *Briggs v. United States*. I wish to become a member of the Class and assert a claim in this case of $10,000. I waive my claim to any amount over $10,000 that is based on offsets, made against government payments that were otherwise due to me, in order to pay debt owed to the Army and Air Force Exchange Service (AAFES), where the offset was made more than 10 years after my AAFES debt became delinquent. I understand that my total claim for offsets made more than 10 years after the debt became delinquent is greater than $10,000 and that I may have the right to file a separate lawsuit for recovery of the full amount of my claim in the Court of Federal Claims. I give up the right to bring a separate lawsuit so that I may participate in this class action and receive a payment under the Settlement. I understand that I will be bound by the judgment in the class action and will not hereafter be able to recover the amount offset above $10,000. **I understand I will receive a refund of $7,974.32 as a result of the settlement, if the court finally approves the settlement.**

Date: _____

_____
[CLASS MEMBER NAME]

**TO RECEIVE THE $7,974.32, THIS FORM MUST BE MAILED BY March 31, 2010 TO:**

S. Chandler Visher, attorney
Law Offices of S. Chandler Visher
44 Montgomery Street, Suite 3830
San Francisco, CA 94104

**Call Mr. Visher at (415) 901-0500 if you have any questions.**

Exhibit 3 to Preliminary Approval Order