United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIUS BRIGGS, on behalf of himself and all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Defendant.<br>　　　　　　　　　　　　　　　　／ | No. C 07-05760 WHA<br><br>**CLASS ACTION**<br><br>**ORDER REQUESTING ADDITIONAL INFORMATION REGARDING MOTION FOR ATTORNEY'S FEES AND COSTS** |

　　　　In order to properly evaluate whether the requested attorney's fees are "fair, reasonable, and adequate," class counsel are **ORDERED** to supplement their previously filed declarations as follows. *First*, no declaration has been filed setting forth Attorney Kathryn Anderson's qualifications, experience, and role in this litigation (*see* Dkt. No. 148, which sets forth the information counsel must provide to support a motion for attorney's fees and costs). Based upon the spreadsheets filed by class counsel, Attorney Anderson performed various legal tasks in this dispute. The absence of any information about Attorney Anderson is especially troubling given that she bills at a proposed market rate of $768 per hour, which is the same ultra-premium rate as Attorney Visher (Visher Decl. Exh. G at 18–19).

　　　　*Second*, speaking of the proposed market rate for class counsel, while counsel provided sufficient information (as requested) regarding proposed attorney market rates based upon the Laffey Matrix (adjusted for San Francisco cost-of-living adjustments), this order emphasizes that

1  in the Ninth Circuit, the starting point for determining reasonable fees is not the Laffey Matrix,
2  but the "lodestar," a calculation obtained by multiplying the number of hours reasonably
3  expended on litigation by a reasonable hourly rate.*  In the Ninth Circuit, a reasonable hourly rate
4  is determined according to the prevailing market rates in the relevant legal community, based
5  upon "similar work performed by attorneys of comparable skill, experience, and reputation."
6  *Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992) (citing *Blum v. Stenson*, 465 U.S. 886,
7  895 (1984)); *Barjon v. Dalton,* 132 F.3d 496, 502 (9th Cir.1997).  The general rule is that the
8  rates of attorneys practicing *in the forum district* are used.  *Barjon*, 132 F.3d at 500.  "[R]ates
9  outside the forum may be used if local counsel was unavailable, either because they are unwilling
10 or unable to perform because they lack the degree of experience, expertise, or specialization
11 required to handle properly the case."  *Ibid.*  Class counsel, however, failed to provide the Court
12 with (1) the normal rate ordinarily charged for each attorney in the relevant time period, and (2)
13 how the rates were comparable to prevailing rates in the community (meaning, in this district) for
14 like-skilled professionals (*see* Dkt. No. 148 at 3).  Counsel must provide this information in order
15 for their motion to be properly considered.

16      *Third*, class counsel failed to specify in their motion whether they seek any award from
17 the class fund pertaining to costs, despite the fact that an exhibit entitled "Unbilled Costs by Job"
18 was attached to the supporting declarations (Visher Decl. Exh. E).  This exhibit is never
19 referenced in the motion or supporting declarations, and its significance is never explained.
20 Additionally, with respect to costs, the undersigned is aware that the United States has offered to
21 pay $132,000 directly to class counsel as part of the settlement agreement to cover "class
22 administration costs" and "litigation costs."  The Court must be apprised of the total costs claimed
23 by class counsel to properly evaluate whether this payment is reasonable or excessive, and
24 whether any excess amounts should be credited as attorney's fees under the agreement.

---

\*  Indeed, the Laffey Matrix's somewhat mechanical approach does not appear to consider all the factors that a court must take into account under Ninth Circuit caselaw. *See Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67 (9th Cir. 1975).  That said, this order acknowledges that the Laffey Matrix can be a valuable tool in cross-checking whether proposed hourly rates are reasonable.

2

Class counsel shall supplement their motion with the above information by **NOON ON FRIDAY, APRIL 16, 2010**. Counsel is also advised to review the February 1 order setting forth the breadth of required information to properly support a motion for attorney's fees (Dkt. No. 148), and ensure that all the information requested has been properly submitted.

**IT IS SO ORDERED.**

Dated: April 12, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE