IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JULIUS BRIGGS, on behalf of himself
and all others similarly situated,

    Plaintiff,

  v.

UNITED STATES OF AMERICA,

    Defendant.
                                    /

No. C 07-05760 WHA

**SECOND SUPPLEMENTAL ORDER RE PLAINTIFF'S MOTION FOR ADDITIONAL ATTORNEY'S FEES AND/OR CY PRES DISTRIBUTION AND DEFENDANT'S MOTION FOR CY PRES DISTRIBUTION**

On February 14, 2012, an order issued denying plaintiff's motion for additional attorney's fees and/or cy pres distribution and granting defendant's motion for cy pres distribution. That order directed, among other things, that the class administrator ("KCC") promptly transfer all funds constituting class fund residue to cy pres recipient AAFES (Dkt. No. 237 at 8). That order was amended on February 23 (Dkt. No. 239).

Class counsel now advises the Court of a discrepancy in the accounting provided. KCC overstated the amount of uncashed check funds as $131,844.80 (Dkt. No. 235). The present value of uncashed check funds is, instead, $54,487.27. The latest stale date for uncashed checks is March 18, 2012. The balance of $77,357.53 reflects the amount due to 96 identified class members who, as it turns out, have not yet received checks at all. Additionally, two class members have come forward since the order dated February 14. These two members are owed refunds in the amount of $2,680.06 (Br. 2; Vishner Decl. ¶¶ 3–5).

In light of these unfortunate developments, class counsel moves to amend the February 14 order, as amended on February 23, to allow KCC to distribute funds to the identified class members before transferring class fund residue to AAFES. Class counsel also seeks a partial fee distribution of $70,000, reflecting half of the outstanding fees, minus interest. No early distribution of attorney's fees shall be made. Because the Court agrees with the KCC part, the order dated February 14 as amended (Dkt. Nos. 237, 239) is hereby amended yet again as follows:

1. KCC, as soon as practicable, issue refund checks to the 98 persons listed in Exhibit A of the Vishner Declaration (Dkt. No. 240-1, Exh. A);

2. KCC cease re-issuance of distribution checks, other than the 98 checks listed above in (1), and maintain custody of *all funds constituting class fund residue and uncashed check funds*;

3. KCC, within five business days of the last stale date of all uncashed checks, *including those checks issued pursuant to this order*, transfer all funds constituting class fund residue and uncashed check funds to the AAFES; KCC shall further provide AAFES with the identities of all class members whose checks were not cashed;

4. Upon transfer of the funds listed above in (3), KCC transfer $140,000 in awarded attorney's fees and interest accrued on awarded fees according to the direction of class counsel.

Upon completion of the above, KCC shall provide the Court with an accounting of all transfers made from the class fund and file a termination report.

The additional delay required to hold funds awaiting clearance of all checks should be cost-free to the fund. This snafu is the making of either KCC or class counsel. Accordingly,

either KCC or class counsel should absorb this cost. The two should let the court know how this cost will be addressed by **NOON ON MARCH 12, 2012.**

    **IT IS SO ORDERED.**

Dated: March 6, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3