IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIUS BRIGGS, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant.<br>_____/ | No. C 07-05760 WHA<br><br>**THIRD SUPPLEMENTAL ORDER RE PLAINTIFF'S MOTION FOR ADDITIONAL ATTORNEY'S FEES AND/OR CY PRES DISTRIBUTION AND DEFENDANT'S MOTION FOR CY PRES DISTRIBUTION** |

On March 6, a second supplemental order issued amending the process for distribution of class fund residue to account for an additional 98 class members. The amended distribution process directed the class administrator ("KCC") to maintain all residual funds until the final stale date of all uncashed checks, at which time a single distribution would be made to the cy pres recipient ("the AAFES"). That order requested that KCC and class counsel confer and advise the Court which of them would bear the cost, if any, associated with the delay in distributing residual funds (Dkt. No. 241).

Class counsel responded that no cost will be associated with the delay (Dkt. No. 242 at 2). Additionally, class counsel noted a consequence of the new order, namely that the delay in transfer of all funds to the AAFES will delay payment to newly appearing class members, as KCC is not authorized to make additional distributions. Class counsel identifies three newly appearing persons who are entitled to recover from the class fund residue, and who would have presented their claims to the AAFES upon its receipt of residual funds.

The Court requested the government submit a response to class counsel's notice. The government provides two suggested options: (1) KCC continue to hold all residual funds, as directed, and be given the authority to pay these now-appearing unpaid class members; or (2) KCC continue to hold only the amount needed to pay the 98 newly issued checks and transfer the balance of residual funds to the AAFES, upon receipt of which the AAFES will issue checks to unpaid class members on a first-come, first-paid basis through October 1, 2012 or until all class funds are spent. This order finds option two to be the most efficient.

To avoid any further confusion with respect to the distribution process, the Order Denying Plaintiff's Motion For Additional Attorney's Fees and/or Cy Pres Distribution and Granting Defendant's Motion for Cy Pres Distribution (Dkt. Nos. 237, 239, 241), as amended, is further amended as follows:

Page 8–9, ¶¶ 2–11 shall now read:

> 2. That KCC promptly provide the AAFES with:
>
>> (a)  A list of unpaid class members, indicating which of those class members have a negotiable check outstanding;
>>
>> (b)  The dollar value of the settlement payments due each unpaid class member (after all approved deductions);
>>
>> (c)  The dollar value of residual funds remaining after all deductions including funds reserved for payment of *all* outstanding checks; and
>>
>> (d)  Such other information as the AAFES may reasonably need to resolve a claim for payment;
>
> 3. That KCC cease re-issuance of distribution checks and maintain a reserve in an amount sufficient to honor *the 98 checks issued pursuant to the order dated March 6, 2012* through their last stale date;
>
> 4. That KCC promptly transfer to the AAFES all funds constituting class fund residue, *except for funds maintained in reserve to honor outstanding checks, as listed in (3) above*;
>
> 5. That, within five business days following the last stale date of all outstanding checks, KCC transfer to the AAFES *all remaining reserve funds* and identify those remaining class members who did not cash their checks;
>
> 6. That, upon transfer of the remaining reserve funds listed in (5), KCC transfer the remaining $140,000 in awarded attorney's fees,

and interest accrued on awarded attorney's fees, according to the direction of class counsel;

7. That, upon completion of all transfers listed above, KCC file a termination report;

8. That the AAFES hold all transferred funds until October 1, 2012, for the purpose of honoring requests by unpaid class members;

9. That class counsel and KCC shall coordinate with the AAFES to ensure unpaid class members are directed to the AAFES for recovery;

10. That the AAFES shall not be obligated to pursue further information in order to locate unpaid class members;

11. That the AAFES shall honor requests on a first-come, first-pay basis and that all recovery shall be limited by the exhaustion of these funds; *and*

12. That, if the residual funds are not exhausted by October 1, 2012, the AAFES shall transfer any remaining funds to the MWR programs of the Army and Air Force, in equal amounts.

Counsel shall also eventually make a joint termination report, to be filed after the funds are completely disbursed. The purpose of this amendment is to allow for expedient payment of late-coming class members without further administrative oversight by the Court. Counsel should continue to work towards these goals until all funds are distributed and this matter is formally closed.

**IT IS SO ORDERED.**

Dated: March 22, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE